BAXTER, Appellant,

v.

JONES et al., Appellees.

[Cite as *Baxter v. Jones* (1992), 83 Ohio App.3d 314.]

Court of Appeals of Ohio,
Erie County.

Nos. E–91–35, E–91–60.

Decided Oct. 23, 1992.

*Kevin J. Baxter,* Erie County Prosecuting Attorney, and *Randal L. Strickler,* Assistant Prosecuting Attorney; *James J. Smith,* for appellant.

*Terry R. Griffith,* for appellees.

MELVIN L. RESNICK, Judge.

This is a consolidation of two appeals brought from two separate judgment entries of the Erie County Court of Common Pleas in which the court dismissed a civil action brought pursuant to R.C. 2923.34 and dismissed appellant's complaint for fraudulent conveyance. Both cases were filed by appellant, Kevin J. Baxter, Prosecuting Attorney of Erie County, and are related to the alleged conduct of Anthony Jones, Lemon Jones, and Nettie Jones. Appellant filed notices of appeal following each order of dismissal. A motion to consolidate the two appeals was subsequently filed in this court and was granted. The assignments of error relating to the dismissal of the R.C. 2923.34 proceeding read as follows:

"I. Whether the trial court erred as a matter of law and committed an abuse of discretion prejudicial to appellant by sustaining appellees' motion to dismiss for failure to state a claim upon which relief can be granted pursuant to O.R.C. 2923.34 because appellees' have not pled guilty to or been convicted of a violation of O.R.C. 2923.32.

"II. Whether the trial court erred as a matter of law and committed an abuse of discretion prejudicial to appellant by sustaining appellees' motion to dismiss for failure to state a claim upon which relief can be granted pursuant to O.R.C. 2923.34 because forfeiture of personal property is not a proper remedy pursuant to O.R.C. 2923.34."

In March 1991, appellant filed a complaint, pursuant to R.C. 2923.34, in the Erie County Court of Common Pleas. The initial complaint named two defendants, appellees Anthony and Lemon Jones. The complaint was later amended and Nettie Jones was added as a defendant. The amended complaint alleged that appellees, Anthony Jones and Lemon Jones, had engaged in a pattern of

corrupt activity, in violation of R.C. 2923.32, by selling cocaine, conduct constituting a violation of R.C. 2925.03, aggravated drug trafficking.

Appellant alleged that Anthony Jones used the proceeds of his corrupt activity to purchase a Chevrolet Corvette and then transferred title of the vehicle to Nettie Jones in order to conceal his ownership of the vehicle. Similarly, appellant claimed that Lemon Jones used the proceeds of his corrupt activities to purchase a 1987 Suzuki station wagon and then transferred title of this vehicle to a Tonya Howell in order to conceal his ownership of the vehicle.

Although she was named in the caption of the amended complaint, no allegations of corrupt activity were leveled by appellant against Nettie Jones. However, all three defendants answered the complaint.

On April 19, 1991, Nettie Jones filed a motion to dismiss the amended complaint for failure to state a claim upon which relief could be granted. Nettie Jones contended that the amended complaint failed to allege that she violated R.C. 2923.32 in any way. She further argued that no civil proceeding under R.C. 2923.34 could be instituted absent a defendant's conviction of or plea of guilty to a violation of R.C. 2923.32. On April 22, 1991, Anthony Jones and Lemon Jones also filed a motion to dismiss the amended complaint for failure to state a claim upon which relief could be granted. Appellees argued that appellant failed to allege a prerequisite to its cause of action, that is, that appellees were convicted of or pleaded guilty to a violation of R.C. 2923.32.

On June 5, 1991, Anthony and Lemon Jones' motion to dismiss was granted. Nettie Jones' motion to dismiss was granted on June 7, 1991. In a subsequent judgment entry, the trial court held, in essence, that a prosecutor could not seek the civil forfeiture of a "1987 Chevrolet Corvette" without pleading that the named defendant had been convicted of or had pled guilty to a violation of R.C. 2923.32, engaging in corrupt activities. Appellant timely appealed the judgment of dismissal as awarded to Anthony Jones and Lemon Jones. It did not appeal the granting of Nettie Jones' Civ.R. 12(B)(6) motion. Therefore, Nettie Jones is not a party to this appeal. This is appeal No. E–91–35.

During the pendency of the R.C. 2923.34 action in the court below, appellant filed a complaint that alleged that Anthony Jones fraudulently conveyed the Chevrolet Corvette to Nettie Jones who, along with David Jones, fraudulently conveyed the vehicle to Denney Motors Associates, Inc. for the sum of $15,000. Appellant contended that the conduct of the defendants, Anthony, Nettie and David Jones, violated R.C. 2923.36.

Nettie Jones answered the complaint; Anthony Jones filed a motion to dismiss. There is no indication in the record that, even though served, David Jones ever answered the complaint. On September 3, 1991, the trial court granted Anthony

Jones' motion to dismiss. Appellant appealed that dismissal in appeal No. E–91–60.

For the following reasons, we conclude that appeals No. E–91–35 and No. E–91–60 were erroneously consolidated and that this court lacks the jurisdiction to consider appeal No. E–91–60.

This court is limited to reviewing final, appealable orders. "Final appealable orders" is defined by R.C. 2505.02 as: "An order that affects a substantial right in an action which in effect determines the action and prevents a judgment * * *." R.C. 2505.02. When multiple parties are involved in an appeal, Civ.R. 54(B) must be consulted to determine whether the requirements of R.C. 2505.02 have been met. Civ.R. 54(B) provides that:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however, designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all of the parties." Civ.R. 54(B).

In this case, multiple parties were involved. Specifically, three defendants were named in the complaint. Only one defendant, Anthony Jones, filed a motion to dismiss. The trial court's judgment entry of September 3, 1991 in which it stated simply, "Motion to dismiss is granted," can therefore be construed as settling the claim against Anthony Jones only. The absence of any language in the judgment indicating there was no just reason for delay prevents this court from considering whether appellant can properly pursue a cause of action against Anthony Jones for fraudulent conveyance. Accordingly, appeal No. E–91–35 is ordered bifurcated from appeal No. E–91–60. Appeal No. E–91–60 is, hereby, dismissed. Appellant is ordered to pay the court costs of that appeal.

We now turn to the merits of appeal No. E–91–35.

In his first assignment of error, appellant maintains that the trial court erred in dismissing his complaint for failure to state a claim upon which relief can be granted because a cause of action brought pursuant to R.C. 2923.34 is not predicated upon a guilty finding or guilty plea for a violation of R.C. 2923.32. In his second assignment of error, appellant argues that the trial court erred in dismissing his complaint for failure to state a claim upon which relief could be granted because forfeiture of personal property is a remedy under R.C. 2923.34. These assigned errors shall be considered together.

■ In Ohio, courts contemplating a motion to dismiss filed pursuant to Civ.R. 12(B)(6) cannot grant the motion unless it "appear[s] beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus. In addition, all allegations made in the complaint must be accepted as true. *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753, 756.

The holding of the common pleas court reads as follows:

"Upon good cause being shown, to wit, any charges against Defendant Anthony Jones and Lemon Jones, of engaging in corrupt activity being dismissed prior to adjudication, and further, that the Defendants did not plead guilty to engaging in corrupt activity, the Plaintiff has not stated a claim upon which relief, in the form of the forfeiture of a 1987 Chevrolet Corvette, alleged by the Plaintiff to be valued at Twenty–Seven Thousand Five Hundred and Sixty-seven Dollars ($27,-567.00), may be granted."

The meaning of this holding is unclear. Its import is that, in order to defeat a Civ.R. 12(B)(6) motion, appellant was required to allege, in a civil proceeding brought pursuant to R.C. 2923.34(A), that appellees were convicted of or pled guilty to violations of R.C. 2923.32.

■ This case was brought pursuant to R.C. 2923.34, which provides, in pertinent part:

"(A) The prosecuting attorney of the county in which a violation of section 2923.32 of the Revised Code, or a conspiracy to violate that section, occurs may institute a civil proceeding as authorized by this section in an appropriate court seeking relief from any person whose conduct violated section 2923.32 of the Revised Code or who conspired to violate that section.

" * * * *

"(C) If the plaintiff in a civil action instituted pursuant to this section proves the violation by a preponderance of the evidence * * *."

The plain and unambiguous language of R.C. 2923.34 makes clear that a conviction of or guilty plea to a violation of R.C. 2923.32 is not a prerequisite to the bringing of a civil proceeding pursuant to R.C. 2923.34(A). Moreover, as noted by appellant, R.C. 2923.31 *et seq.*, Ohio's RICO statute, is patterned after the federal Racketeer Influenced and Corrupt Organizations Act, Section 1961 *et seq.*, Title 18, U.S.Code ("RICO"). In *Sedima, S.P.R.L. v. Imrex Co.* (1985), 473 U.S. 479, 105 S.Ct. 3275, 87 L.Ed.2d 346, the United States Supreme Court held that a civil action under Section 1964, Title 18, U.S.Code (similar to R.C. 2923.34) does not require a defendant's prior conviction of or guilty plea to a criminal RICO violation. See, also, *Berg v. First Am. Bankshares, Inc.* (C.A.D.C.1986), 796 F.2d 489. Accordingly, we conclude that a prosecuting attorney need not

plead that a defendant has been convicted of or has pled guilty to a violation of R.C. 2923.32 in order to allege a cause of action under R.C. 2923.34(A). Appellant's first assignment of error is found well taken.

■ Appellant's second assignment of error presents a thornier problem. It assumes that the trial court held that the remedy of forfeiture of personal property is not available in a proceeding brought pursuant to R.C. 2923.34. We cannot construe the court's holding in such a manner. Rather, that holding is, as stated previously, ambiguous. It implies that in a case where a prosecuting attorney brings a civil proceeding pursuant to R.C. 2923.34(A) and alleges that the defendant was convicted of or pled guilty to a violation of R.C. 2923.32, the prosecutor/plaintiff can request the forfeiture of personal property. As stated previously, a conviction or guilty plea is not a prerequisite for the institution of a civil proceeding brought under the auspices of R.C. 2923.34(A). Thus, the lower court's holding contravenes the language of the statute. Due to the fact that the trial court focused solely upon the erroneous belief that a conviction/guilty plea is a predicate under R.C. 2923.34 for the relief requested by appellant, we conclude that the lower court never reached the issue of whether the specifically requested relief, *i.e.*, forfeiture of a motor vehicle, is an available remedy under R.C. 2923.34(C).[1] Further, and again turning to federal law touching upon this issue, even if the relief demanded in a civil complaint brought pursuant to RICO may be inappropriate, the complaint should not be dismissed " 'except where there is a failure to state a claim upon which *some* relief, not limited by the request in the complaint, can be granted.' " *United States v. Bonanno Organized Crime Family* (E.D.N.Y.1988), 683 F.Supp. 1411, 1442, affirmed (C.A.2, 1989), 879 F.2d

---

1. R.C. 2923.34(C) provides:

   "If the plaintiff in a civil action instituted pursuant to this section proves the violation by a preponderance of the evidence, the court, after making due provision for the rights of innocent persons, may grant relief by entering any appropriate orders to ensure that the violation will not continue or be repeated. The orders may include, but are not limited to, orders that:

   "(1) Require any defendant in the action to divest himself of any interest in any enterprise or in any real property;

   "(2) Impose reasonable restrictions upon the future activities or investment of any defendant in the action, including but not limited to, restrictions that prohibit the defendant from engaging in the same type of endeavor as the enterprise in which he was engaged in violation of section 2923.32 of the Revised Code;

   "(3) Order the dissolution or reorganization of any enterprise;

   "(4) Order the suspension or revocation of a license, permit, or prior approval granted to any enterprise by any department or agency of the state;

   "(5) Order the dissolution of a corporation organized under the laws of this state, or the revocation of the authorization of a foreign corporation to conduct business within this state, upon a finding that the board of directors or an agent acting on behalf of the corporation, in conducting the affairs of the corporation, has authorized or engaged in conduct in violation of section 2923.32 of the Revised Code, and that, for the prevention of future criminal conduct, the public interest requires the corporation to be dissolved or its license revoked."

20. Like R.C. 2923.34(C), the civil portion of the federal RICO statute provides the court with broad discretion to fashion an equitable remedy. *Bonanno, supra,* at 1441.

In the present case, appellant requested not only the forfeiture of two motor vehicles, but also "any other appropriate relief." In perusing the trial court's judgment, we cannot say that the court ever contemplated the fact that appellant was entitled to some form of relief under R.C. 2923.34. Furthermore, our review of the amended complaint discloses that when the facts in that complaint are construed as true, it does not appear beyond a doubt that appellant can prove no set of facts establishing that Anthony Jones and Lemon Jones were operating an illicit enterprise, drug trafficking, and thus were engaging in a pattern of corrupt activity pursuant to R.C. 2923.32(A)(1).[2] Therefore, appellant's second assignment of error is found well taken.

On consideration whereof, this court finds that in appeal No. E–91–35, substantial justice was not done the party complaining, and the judgment of the Erie County Court of Common Pleas is reversed. This cause is remanded to that court for further proceedings not inconsistent with this judgment. Court costs of this appeal are assessed to appellee.

*Appeal dismissed in No. E–91–60.*

*Judgment reversed*
*and cause remanded*
*in No. E–91–35.*

---

**2.** R.C. 2923.32(A)(1) reads:

"No person employed by, or associated with, any enterprise shall conduct or participate in, directly or indirectly, the affairs of an enterprise through a pattern of corrupt activity * * *."

Thus, R.C. 2923.32(A)(1) requires allegations of the following elements as defined in R.C. 2923.31:

"(C) 'Enterprise' includes any individual, sole proprietorship, partnership, limited partnership, corporation, trust, union, governmental agency, or other legal entity, or any organization, association, or group of persons associated in fact although not a legal entity. 'Enterprise' includes illicit as well as licit enterprises.
" * * * *

"(E) 'Pattern of corrupt activity' means two or more incidents of corrupt activity, whether or not there has been a prior conviction, that are related to the affairs of the same enterprise, are not isolated, and are not so closely related to each other and connected in time and place that they constitute a single event.
" * * * *

"(I) 'Corrupt activity' means engaging in, attempting to engage in, conspiring to engage in, or soliciting, coercing, or intimidating another person to engage in any of the following:
" * * * *

"[2](b) Any violation of section * * * 2925.03 * * * of the Revised Code when the proceeds of the violation, the payments made in violation, * * * or the value of the contraband or other property illegally possessed, sold, or purchased in the violation exceeds five hundred dollars
* * *."

ABOOD, J., concurs.

HANDWORK, J., dissents.

HANDWORK, Judge, dissenting.

I concur with the majority in this case in one respect: I agree that the first assignment of error originally filed in case No. E–91–35 is well taken to the extent that a conviction or plea of guilty to a violation of R.C. 2923.32 is not required to sustain all causes of action brought pursuant to R.C. 2923.34. However, appellant's remaining contention as to Assignment of Error I and as to Assignment of Error II originally filed in case No. E–91–35, that the dismissal of this case was improper, should be found not well taken and the trial court's decision should be affirmed. The majority erroneously concluded that "the lower court never reached the issue of whether the specifically requested relief, *i.e.*, forfeiture of a motor vehicle, is an available remedy under R.C. 2923.34(C)." The record in this case does not support the conclusion of the majority. On May 15, 1991, appellant filed a brief in opposition to appellee's Civ.R. 12(B)(6) motion in which appellant extensively argued that forfeiture was an appropriate remedy which the trial court could grant in this case. Therefore, the issue was presented to the trial court before it issued its journal entry in which it stated in pertinent part:

"The Plaintiff has not stated a claim upon which relief, *in the form of the forfeiture of a 1987 Chevrolet Corvette,* alleged by the Plaintiff to be valued at Twenty–Seven Thousand Five Hundred and Sixty-seven Dollars ($27,567.00), may be granted." (Emphasis added.)

The trial court clearly considered the remedy of forfeiture and clearly stated that it was not available in this case. For the following reasons, I believe that the trial correctly reached its determination.

To determine when civil forfeiture is an appropriate remedy one must return to an examination of R.C. 2923.32 and must also examine the provisions of R.C. 2923.34. The only portion of R.C. 2923.32 which provides for forfeiture is subsection (B)(3), which reads:

"In addition to any other penalty or disposition authorized or required by law, the court shall order any person who is convicted of or pleads guilty to a violation of this section or who is adjudicated delinquent by reason of a violation of this section to criminally forfeit to the state any personal or real property in which he has an interest and that was used in the course of or intended for use in the course of a violation of this section, or that was derived from or realized through conduct in violation of this section, including any property constituting an interest in, means of control over, or influence over the enterprise involved in the violation and any property constituting proceeds derived from the violation, including all of the following * * *." R.C. 2923.32(B)(3).

While this section does refer to the forfeiture of personal property, it clearly applies to criminal forfeiture proceedings, rather than civil forfeiture proceedings. Furthermore, the section shows forfeiture is contemplated as a remedy to be imposed in addition to a sentence given following a conviction or a guilty plea of a violation of the prohibition against engaging in a pattern of corrupt activity. A mere violation of R.C. 2923.32 is not sufficient to trigger the forfeiture provision of R.C. 2923.32(B)(3); rather, a finding of guilty relating to a charge of engaging in a pattern of corrupt activity is required.

Turning next to the civil forfeiture procedure in R.C. 2923.34, it is clear that civil action for relief from violations of R.C. 2923.32 is provided. R.C. 2923.34 reads in pertinent part:

"(A) The prosecuting attorney of the county in which a violation of section 2923.32 of the Revised Code, or a conspiracy to violate that section, occurs may institute a civil proceeding as authorized by this section in an appropriate court seeking relief from any person whose conduct violated section 2923.32 of the Revised Code or who conspired to violate that section."

The key phrase in the above-quoted subsection is "as authorized by this section." Proceedings for civil forfeiture may be brought for a violation of R.C. 2923.32, but the proceedings must be brought pursuant to R.C. 2923.34. Two subsections of R.C. 2923.34 must be reviewed to determine under what circumstances an action for civil forfeiture can succeed. The first subsection, R.C. 2923.34(C), has been quoted by the majority in footnote 1 of its opinion. Appellant concedes in this case that none of the five specifically enumerated remedies listed in R.C. 2923.34(C) is applicable. Appellant argues, however, that the trial court had discretion to grant any remedy the court found appropriate, including forfeiture of personal property. A court does have some ability to expand the remedies available under R.C. 2923.34, but a party challenging a court's decision not to expand the remedies would need to establish that the court abused its discretion. "Judicial discretion" has been defined as:

"[T]he option which a judge may exercise between the doing and not doing of a thing which cannot be demanded as an absolute legal right, guided by the spirit, principles and analogies of the law, and founded upon the reason and conscience of the judge, to a just result in the light of the particular circumstances of the case." *Krupp v. Poor* (1970), 24 Ohio St.2d 123, 53 O.O.2d 320, 265 N.E.2d 268, paragraph two of the syllabus.

Furthermore, a court does not abuse its discretion unless its judgment is "unreasonable, arbitrary, or unconscionable." *Calderon v. Sharkey* (1982), 70 Ohio St.2d 218, 219–220, 24 O.O.3d 322, 323, 436 N.E.2d 1008, 1010. The trial court in this case was guided by the directive in R.C. 2923.34(C) to enter "any

appropriate orders to ensure that the violation will not continue or be repeated." R.C. 2923.34(C). The trial court's judgment that a civil forfeiture was not available in this case was therefore not unreasonable, arbitrary, or unconscionable as the court could reasonably conclude that an order for a civil forfeiture of the two vehicles sought in this case would not be effective to ensure that appellants would not repeat the violation of aggravated drug trafficking or of engaging in a pattern of corrupt activity.

The second pertinent subsection of R.C. 2923.34 reads:

"(I) If a person, other than an individual, is not convicted of a violation of section 2923.32 of the Revised Code, the prosecuting attorney may institute proceedings against the person to recover a civil penalty for conduct that the prosecuting attorney proves by clear and convincing evidence is in violation of section 2923.32 of the Revised Code."

This subsection applies to "a person, other than an individual." "Person" is defined in R.C. 1.59 as "an individual, corporation, business trust, estate, partnership and association." R.C. 1.59. Since an individual is specifically excluded from R.C. 2923.34(I), a prosecutor instituting a civil forfeiture action under that statute is limited to proceeding against a corporation, business trust, estate, trust, partnership or association. Appellant, therefore, was not entitled to relief pursuant to R.C. 2923.34(I) in this case as the complaint was filed against appellees as individuals. Since neither provision of R.C. 2923.34 that provides for civil forfeiture applies in this case, I believe the trial court's decision should be affirmed. Therefore, I respectfully dissent from the finding of the majority that the trial court failed to reach the determination about what remedy was appropriate, and from the majority's decision to remand this case for further proceedings.