**SALATA, Appellee,**

v.

**VALLAS, Appellant.**

[Cite as *Salata v. Vallas,* 159 Ohio App.3d 108, 2004-Ohio-6037.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 03 MA 157.

Decided Nov. 12, 2004.

James E. Lanzo, for appellee.

Harrington, Hoppe & Mitchell, Ltd. and John T. Dellick, for appellant.

WAITE, Presiding Judge.

{¶ 1} This is an appeal of a judgment from the Mahoning County Court of Common Pleas granting partial summary judgment to appellee, Daniel Salata, on a civil Racketeer Influenced and Corrupt Organizations Act ("RICO") claim. It appears from the record that this interlocutory matter does not present us with a final appealable order, and for that reason we must dismiss this appeal.

{¶ 2} On May 23, 2000, appellee filed a complaint in Campbell Municipal Court, Mahoning County, Ohio, against appellant, Jack Vallas, alleging breach of contract in the sale of a home and conversion of certain property appellee had left on the property. Appellant filed an answer and counterclaim, alleging fraud in the execution of the purchase agreement, civil RICO claims related to the sale of the property, and costs involved in the wrongful removal of certain fixtures after the closing. The case was later transferred to the Mahoning County Court of Common Pleas.

{¶ 3} On February 28, 2003, appellee filed a motion for summary judgment. The motion covered appellee's two claims, as well as appellant's fraud and RICO counterclaims. Concerning the RICO counterclaim, appellee argued that a civil RICO complaint must contain particular allegations of a violation of Ohio's criminal RICO statute, R.C. 2923.32, and must specify the alleged pattern of criminal activity and the criminal enterprise that was engaged in that activity.

{¶ 4} On July 9, 2003, appellant filed a response in opposition to appellee's motion for summary judgment.

{¶ 5} On July 30, 2003, the trial court ruled on appellee's motion for summary judgment. The court overruled the motion with respect to appellee's two claims for breach of contract and conversion. The court also overruled the motion with respect to appellant's counterclaim for fraud. The court did grant summary judgment with respect to the civil RICO claim, stating that appellant did not state his claim with enough specificity to avoid dismissal of the claim. The court also ended its judgment by stating, "There is no just cause for delay."

{¶ 6} Appellant filed a timely notice of appeal on August 28, 2003.

{¶ 7} Appellant has asserted two assignments of error, which both challenge the trial court's decision to grant summary judgment to appellee on the civil RICO claim:

{¶ 8} "Where the party moving for summary judgment fails to identify any evidence of a defect in the opposing party's claim, the movant has not met his

burden and a grant of summary judgment in the movant's favor is prejudicial error.

{¶ 9} "Where appellant submitted evidence establishing a genuine issue of material fact, the trial court erred in granting partial summary judgment."

{¶ 10} The trial court ruled that appellant did not allege sufficient facts in order to sustain a civil RICO claim. A valid civil RICO claim must allege that the defendant violated one or more of the crimes set forth in R.C. 2923.32. See R.C. 2923.34(B); *U.S. Demolition & Contracting, Inc. v. O'Rourke Constr. Co.* (1994), 94 Ohio App.3d 75, 83, 640 N.E.2d 235. A civil RICO claim must also state with specificity that (1) the defendant was involved in a "corrupt activity" as defined by R.C. 2923.31(I), (2) that the defendant was involved in a pattern of corrupt activity that consisted of two or more incidents of corrupt activity as prohibited by R.C. 2923.31(I), and (3) that an enterprise existed separate and apart from the defendant through which the defendant acted. *Universal Coach, Inc. v. New York City Transit Auth., Inc.* (1993), 90 Ohio App.3d 284, 291, 629 N.E.2d 28.

{¶ 11} The trial court appears to have treated appellee's motion for summary judgment as if it were a motion to dismiss for failure to state a cognizable claim. Civ.R. 12(H)(2) specifically states that a motion to dismiss for failure to state a claim may be raised even during a trial on the merits:

{¶ 12} "(2) A defense of failure to state a claim upon which relief can be granted * * * may be made in any pleading permitted or ordered under Rule 7(A), or by motion for judgment on the pleadings, or at the trial on the merits."

{¶ 13} Although appellee did not expressly state that the RICO claim should be dismissed under Civ.R. 12(H), the Ohio Supreme Court has held that the trial court itself is permitted sua sponte to dismiss a claim or complaint for failure to state a cognizable claim:

{¶ 14} "Sua sponte dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate if the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint." *State ex rel. Kreps v. Christiansen* (2000), 88 Ohio St.3d 313, 316, 725 N.E.2d 663.

{¶ 15} A dismissal for failure to state a claim upon which relief can be granted is reviewed de novo, as it involves a purely legal issue. *Bell v. Horton* (1995), 107 Ohio App.3d 824, 826, 669 N.E.2d 546. In order to dismiss a complaint for failure to state a cognizable claim, it must appear beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle plaintiff to relief. *York v. Ohio State Hwy. Patrol* (1991), 60 Ohio St.3d 143, 144, 573 N.E.2d 1063. In determining whether a complaint presents a claim for which

relief may be granted, the court must presume that all of the factual allegations in the complaint are true and make all reasonable inferences in favor of the nonmoving party. Id. The court must also confine its review to the averments contained in the complaint. See *State ex rel. Alford v. Willoughby* (1979), 58 Ohio St.2d 221, 223, 12 O.O.3d 229, 390 N.E.2d 782.

{¶ 16} Appellant's civil RICO claim fails to allege that appellee pleaded guilty to or committed any specific crime, much less a pattern of crimes, and thus, on its face it fails to state with specificity a required element of a civil RICO claim. The trial court, therefore, would appear to have been correct in dismissing this aspect of appellant's counterclaim for failure to state a claim for which relief could be granted.

{¶ 17} During our review of appellant's assignments of error, however, a question was raised as to whether this appeal is ripe for review. As we have stated on many occasions, a court of appeals has authority to review only final appealable orders. "Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district * * *." Section 3(B)(2), Article IV of the Ohio Constitution. This court is permitted to review judgments only when it is presented with an order that is both final and appealable as defined by R.C. 2505.02 and other relevant procedural rules. *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 541 N.E.2d 64, syllabus.

{¶ 18} This appeal does not present a final appealable order because the trial court's decision to grant partial summary judgment is based on the same facts and circumstances that exist in the claims that remain pending before the trial court. The parties' dispute centers around a purchase agreement to buy land and a home at 771 Coitsville–Hubbard Road, Youngstown, Ohio. Appellant's counterclaims allege fraud and racketeering in the sale of the same property.

{¶ 19} The Ohio Supreme Court has said: "A final order * * * is one disposing of the whole case or some separate and distinct branch thereof." *Noble v. Colwell* (1989), 44 Ohio St.3d 92, 94, 540 N.E.2d 1381. It does not appear that appellant's civil RICO counterclaim is separate and distinct from appellee's original complaint or from appellant's fraud counterclaim, as they are all based on the same set of facts and circumstances.

{¶ 20} We acknowledge that the trial judge intended his judgment to be immediately appealable because he included the "no just cause for delay" language of Civ.R. 54(B) in his judgment entry. Civ.R. 54(B) states:

{¶ 21} "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising

out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay."

{¶ 22} Nevertheless, "the mere incantation by a court of the language 'no just reason for delay' does not convert an otherwise interlocutory order into a final appealable judgment." *Korodi v. Minot* (1987), 40 Ohio App.3d 1, 3, 531 N.E.2d 318. "An order of a court is final and appealable only if it meets the requirements of both Civ.R. 54(B) and R.C. 2505.02." *Denham v. New Carlisle* (1999), 86 Ohio St.3d 594, 596, 716 N.E.2d 184.

{¶ 23} The *Chef Italiano* case itself dealt with the problem of the final-appealable-order status of a number of claims that had been resolved through partial summary judgment. In *Chef Italiano*, a corporation was suing multiple parties involving multiple claims. Ultimately, the court ruled that some of the claims that had been resolved in summary judgment were final orders that could have been immediately appealed if the trial court had included the appropriate language set forth in Civ.R. 54(B). Without explicitly saying so, the Ohio Supreme Court also ruled that for any adjudicated claim that had a common body of interest still pending before the trial court, the partially resolved issues were not final and appealable despite the inclusion in the judgment entry of the "no just cause for delay" language from in Civ.R. 54(B). This implicit holding in *Chef Italiano* applies to the situation presented to us in the instant appeal.

{¶ 24} Based on the reasons set forth above, we must dismiss this interlocutory appeal because it does not present a final appealable order that may be reviewed by this court.

Appeal dismissed.

GENE DONOFRIO, J., concurs.

DEGENARO, J., dissents.

DEGENARO, Judge, dissenting.

{¶ 25} I must respectfully dissent from the majority's decision because the underlying judgment is a final, appealable order. Further, I note that the majority has placed an additional burden upon defendant of alleging an additional element for a civil RICO claim that is found neither in the statute nor in common law, namely, the duty to allege that defendant pled guilty to a crime. Finally, I would reverse the trial court's decision to grant summary judgment, as the movant did not meet his initial burden. Because this is a civil RICO claim, the burden on the claimant is actually much less.

Final, Appealable Order

{¶ 26} When deciding that this order is not a final, appealable order, Judge Waite reprises her dissent in *Felger v. Tubetech*, 7th Dist. No. 2000 CO 23, 2002-Ohio-1161, 2002 WL 417903, where she opined that for any claim where there may be a "body of interest" with matters remaining before the trial court, the issues were not final and appealable. She based this conclusion upon her reading of the Ohio Supreme Court's decision in *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 541 N.E.2d 64. But a closer reading of the *Chef Italiano* decision reveals that an order that dismisses all of one parties' claims against another is in fact final and appealable.

{¶ 27} More specifically, in that case, the Ohio Supreme Court concluded that because the trial court dismissed Chef Italiano's only counts against Kent State, Chef Italiano's action against Kent State was determined. Because no claims remained pending against Kent State, Chef Italiano was prevented from obtaining a judgment against Kent State. Thus, the order was a final order pursuant to R.C. 2505.02. Id., 44 Ohio St.3d at 86, 541 N.E.2d 64.

{¶ 28} It is clear from the Ohio Supreme Court's language that the emphasis in that case was placed upon a party's inability to obtain judgment against another party, not upon any "body of interest." In fact, the *Felger* dissent admits that the "body of interest" language is not found in the Supreme Court's opinion; it was merely implied.

{¶ 29} More important, after the decision in *Chef Italiano*, Civ.R. 54(B) was amended to specify that upon an express determination that there is no just reason for delay, a final judgment may be entered as to fewer than all of the claims in an action "whether arising out of the same or separate transactions." Civ.R. 54(B). The Staff Note to the July 1, 1992 amendment provides:

{¶ 30} "The purpose of [the amendment] is to clarify the applicability of Civ.R. 54(B) to a judgment on less than all of the claims arising out of the same transaction as well as separate transactions and to the immediate appealability of that judgment. A question as to the applicability of Civ.R. 54(B) to multiple claims arising out of the same transaction and the appealability of a Civ.R. 54(B) judgment to those claims and appealability was raised by the decision of the Supreme Court in [*Chef Italiano*]. The rule is amended to expressly state that it does apply to multiple claims that arise out of the same or separate transactions."

{¶ 31} In 1993, the Ohio Supreme Court set forth the appropriate analysis for reviewing the finality and appealability of orders containing Civ.R. 54(B) certification. See *Wisintainer v. Elcen Power Strut Co.* (1993), 67 Ohio St.3d 352, 354, 617 N.E.2d 1136. An appellate court first reviews whether the order is final pursuant to R.C. 2505.02, focusing on "that predominantly legal question of

whether the order sought to be appealed affects a substantial right and whether it in effect determines an action and prevents a judgment." Id. Second, the court reviews whether the trial court's determination that "there is no just cause for delay" was appropriate. Id.

{¶ 32} "A final order * * * is one disposing of the whole case or some separate and distinct branch thereof." *Noble v. Colwell* (1989), 44 Ohio St.3d 92, 94, 540 N.E.2d 1381. To be final and appealable in a case involving multiple claims and multiple parties, an order must "dispose of at least one full claim by one party against another and contain an express certification pursuant to Civ.R. 54(B)." *Horner v. Toledo Hosp.* (1993), 94 Ohio App.3d 282, 288, 640 N.E.2d 857. It is clear in this case that the trial court's order dismisses Vallas's entire counterclaim against Salata, thus preventing Vallas from obtaining a judgment against Salata. Accordingly, the order from which Vallas appealed is in fact final.

{¶ 33} Pursuant to *Wisintainer*, it must next be determined whether the trial court properly certified that "there is no just reason for delay." This phrase "is not a mystical incantation which transforms a nonfinal order into a final appealable order. Such language can, however, through Civ.R. 54(B), transform a final order into a final appealable order." (Citation omitted.) *Wisintainer*, 67 Ohio St.3d at 354, 617 N.E.2d 1136.

{¶ 34} A trial court's determination that "there is no just reason for delay" is essentially a factual one, which an appellate court must not disturb where some competent, credible evidence supports the court's certification. Id. at 354–355, 617 N.E.2d 1136. "The paramount consideration to be made is whether the court's determination serves judicial economy at the trial level." Id. at 355, 617 N.E.2d 1136. In assessing the effect on judicial economy, "[t]he trial court can best determine how the court's and the parties' resources may most effectively be utilized. * * * The trial court has seen the development of the case, is familiar with much of the evidence, is most familiar with the trial court calendar, and can best determine any likely detrimental effect of piecemeal litigation." Id.

{¶ 35} In the present case, as the majority states, the facts involved in both the original complaint and counterclaim are similar and overlap. As Judge Donofrio and I reasoned in *Felger*, the trial court in this case may have anticipated that we might hold that summary judgment was improvidently granted. The entire trial might have to be conducted again because of the similar elements of the claims dismissed and of those pending. Therefore, the trial court could have reasonably determined that "the avoidance of piecemeal trials" was more important in this case than "the avoidance of piecemeal appeals." See *Wisintainer*.

{¶ 36} There is nothing that would materially distinguish *Felger* from this case. Accordingly, I would apply the majority's rationale from *Felger* to the facts in

this case and find that there is competent, credible evidence supporting the trial court's decision to conclude there was no just reason for delaying this appeal.

### Failure to State a Claim

{¶ 37} With that being said, I would then address the merits in this case. Although the majority has concluded that the court has no jurisdiction in this case, they have nonetheless chosen to resolve the merits in this case. In doing so, not only have they given an advisory opinion, they reach the wrong conclusion by misstating the elements required for a civil RICO claim. The majority treats Salata's motion in this case as a motion to dismiss rather than a motion for summary judgment. By misstating the elements required for a civil RICO claim, they improperly affirm the judgment for Salata, assuming this is a motion to dismiss.

{¶ 38} The failure of a plaintiff to plead any of the elements necessary to establish a RICO violation results in a defective complaint that cannot withstand a motion to dismiss based upon a failure to state a claim upon which relief can be granted. *Universal Coach, Inc. v. New York City Transit Auth., Inc.* (1993), 90 Ohio App.3d 284, 629 N.E.2d 28. The majority would dismiss Vallas's counterclaim based upon the fact that he "fails to allege that appellee pleaded guilty to or committed any specific crime, much less a pattern of crimes, and thus, on its face it fails to state with specificity a required element of a civil RICO claim." Majority opinion at ¶ 16.

{¶ 39} But this very reasoning was rejected by the Sixth District in *Baxter v. Jones* (1992), 83 Ohio App.3d 314, 614 N.E.2d 1094. In that case, the appellant argued that the trial court erred in dismissing his complaint for failure to state a claim because he failed to allege that the appellees had been convicted of or pled guilty to violations of R.C. 2923.32. The Sixth District reversed the trial court's decision, explaining:

{¶ 40} "The plain and unambiguous language of R.C. 2923.34 makes clear that a conviction of or guilty plea to a violation of R.C. 2923.32 is not a prerequisite to the bringing of a civil proceeding pursuant to R.C. 2923.34(A). Moreover, as noted by appellant, R.C. 2923.31 et seq., Ohio's RICO statute, is patterned after the federal Racketeer Influenced and Corrupt Organizations Act, Section 1961 et seq., Title 18, U.S.Code ('RICO'). In *Sedima, S.P.R.L. v. Imrex Co.* (1985), 473 U.S. 479, 105 S.Ct. 3275, 87 L.Ed.2d 346, the United States Supreme Court held that a civil action under Section 1964, Title 18, U.S.Code (similar to R.C. 2923.34) does not require a defendant's prior conviction of or guilty plea to a criminal RICO violation. See, also, *Berg v. First Am. Bankshares, Inc.* (C.A.D.C.1986), 796 F.2d 489. Accordingly, we conclude that a prosecuting attorney need not plead that a defendant has been convicted of or has pled guilty to a violation of

R.C. 2923.32 in order to allege a cause of action under R.C. 2923.34(A)." Id., 83 Ohio App.3d at 318–319, 614 N.E.2d 1094.

{¶ 41} I would follow the precedent set by *Baxter*, as it is the only Ohio case that deals with this issue. I see no reason to create a conflict in the districts, especially considering the guidance given by the United States Supreme Court on this matter. I would not hold Vallas to a standard that is required neither by caselaw nor by statute. Accordingly, I cannot concur with the majority's decision. Vallas has stated a civil RICO claim.

### Summary Judgment

{¶ 42} Salata's motion was couched as a motion for summary judgment. But Vallas's claim survives summary judgment. Civ.R. 56(B) deals with motions for summary judgment filed by the defending party. It provides:

{¶ 43} "A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part of the claim, counterclaim, cross-claim, or declaratory judgment action. If the action has been set for pretrial or trial, a motion for summary judgment may be made only with leave of court."

{¶ 44} Pursuant to Civ.R. 56(C), summary judgment is proper if "(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 364 N.E.2d 267.

{¶ 45} In *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264, the Ohio Supreme Court explained the summary judgment burden as follows:

{¶ 46} "[T]he movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment. The evidentiary materials listed in Civ.R. 56(C) include 'the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any.' These evidentiary materials must show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. While the movant is not necessarily obligated to place any of these evidentiary materials in the record, the evidence must be in the record or the motion cannot succeed." Id. at 292–293, 662 N.E.2d 264.

{¶ 47} Only after the movant satisfies the initial *Dresher* burden must the nonmoving party then present evidence that some issue of material fact remains for the trial court to resolve. Id., 75 Ohio St.3d at 294, 662 N.E.2d 264. "It is basic that regardless of who may have the burden of proof at trial, the burden is on the party moving for summary judgment to establish that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." *Horizon Sav. v. Wootton* (1991), 73 Ohio App.3d 501, 504, 597 N.E.2d 1150.

{¶ 48} In the present case, Salata moved for summary judgment on Vallas's counterclaim that alleged that Salata had violated the civil RICO statute. That statute provides, "No person employed by, or associated with any enterprise shall conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity." R.C. 2923.32(A)(1).

{¶ 49} In order to prove liability under this statute, a plaintiff must establish (1) that conduct of the defendant involves the commission of two or more specifically prohibited state or federal criminal offenses, (2) that the prohibited criminal conduct of the defendant constitutes a pattern, and (3) that the defendant has participated in the affairs of an enterprise or has acquired and maintained an interest in or control of an enterprise. *Kondrat v. Morris* (1997), 118 Ohio App.3d 198, 209, 692 N.E.2d 246; *Universal Coach v. NYC Transit Auth.*, 90 Ohio App.3d at 291, 629 N.E.2d 28. A plaintiff must plead these elements with specificity and present sufficient evidence in order to overcome a defendant's motion for summary judgment. *Kondrat*, 118 Ohio App.3d at 209, 692 N.E.2d 246.

{¶ 50} Here, Salata has failed to bear his burden for the purposes of summary judgment. When Salata filed his summary judgment motion, he referred to no evidence with respect to the RICO claim filed with the trial court by either party. Notably, the two documents attached to the motion appear to be relevant only to the breach-of-contract claim, not the counterclaim. Thus, the only filings Salata could be relying upon were the pleadings.

{¶ 51} The language in the trial court's judgment entry bolsters this observation. With respect to its resolution of the RICO claim, the trial court explained:

{¶ 52} "[Salata] states that [Vallas] makes allegations of the possible existence of other persons involved without filing a third party complaint or naming them in the counterclaim. [Vallas] does not allege any evidence of an enterprise in support of his claims that [Salata] is entitled to civil monetary damages. [Salata] merely asserts that he is entitled to civil monetary damages. [Salata] states no pattern of criminal activity exists as is necessary for such a claim."

{¶ 53} Immediately following this excerpt from the judgment entry, the trial court granted partial summary judgment on Vallas's RICO claim. That was incorrect, since Salata did not meet his burden. As *Dresher* explained:

{¶ 54} "[A] moving party does not discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. The assertion must be backed by some evidence of the type listed in Civ.R. 56(C) which affirmatively shows that the nonmoving party has no evidence to support that party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied." Id., 75 Ohio St.3d at 293, 662 N.E.2d 264.

{¶ 55} Here, Salata merely alleged that the pleadings were insufficient and made the conclusory assertion that Vallas had no evidence to prove his RICO claim. These types of unsubstantiated allegations, pursuant to Civ.R. 56 and *Dresher*, are simply insufficient to support a motion for summary judgment. Salata was not necessarily obligated to place any of the requisite evidentiary materials in the record. But the evidence must otherwise be in the record or the motion cannot succeed. Because Salata has failed to point to any evidence, the trial court erred in granting summary judgment.

{¶ 56} For each of these three reasons, I would reverse the judgment of the trial court and remand this cause for further proceedings.