STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| BT. ENVIRONMENTAL SOLUTIONS LLC, | ) ) ) | |
| PLAINTIFF-APPELLANT, | ) ) | CASE NO. 14 CO 44 |
| V. | ) ) | OPINION |
| B.T. ENERGY GROUP, INC. et al., | ) ) | |
| DEFENDANTS-APPELLEE COUNTERCLAIMANTS AND THIRD PARTY PLAINTIFFS, | ) ) ) ) | |
| V. | ) ) | |
| DAVID TOD, JR., | ) ) | |
| THIRD PARTY DEFENDANT-COUNTERCLAIMANT AND CROSS-CLAIMANT. | ) ) ) | |

CHARACTER OF PROCEEDINGS: Civil Appeal from Court of Common Pleas of Columbiana County, Ohio Case No. 2013 CV 524

JUDGMENT: Reversed and Remanded

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Carol Ann Robb

Dated: September 30, 2015

APPEARANCES:

For Plaintiff-Appellant                        Attorney Charles E. Dunlap
7330 Market St.
Youngstown, Ohio 44512

For Third Party Appellant                 Attorney Dean S. Hoover
5 Atterbury Boulevard
Hudson, Ohio 44236

For Defendant-Appellee                    Attorney Timothy A. Barry
600 East State Street, P.O. Box 590
Salem, Ohio 44460

DONOFRIO, P.J.

{¶1} Plaintiff-appellant, BT Environmental Solutions, LLC, appeals from a Columbiana County Common Pleas Court judgment granting summary judgment in favor of defendant-appellee, Lizabeth Beight.

{¶2} Appellant is an Ohio limited liability company. Steven Beight and David Tod, Jr. formed appellant in 2012. Steven Beight and David Tod, Jr. also formed B.T. Energy Group, Inc. Appellee is Steven Beight's wife. Appellee never worked for appellant.

{¶3} Steven Beight initially invested $100 in appellant. David Tod, Sr. invested $50,000 and Daniel J. and Daniel P. O'Horo invested $500,000.

{¶4} During 2012, Steven Beight purchased four trucks for appellant. Appellant's money was used to purchase the trucks. Three of the trucks were titled in Steven Beight's name and the third truck was titled in appellee's name. Steven Beight later sold all of the trucks.

{¶5} On August 13, 2012, Steven Beight issued a check to appellee for $939.96 using appellant's funds with the memo "2 F350 truck payments." Beight stated that appellee had made two truck payments with her personal funds and he reimbursed her.

{¶6} During the approximately 14 months appellant was in business, Steven Beight received $2,200 per week and deposited it into his joint checking account with appellee.

{¶7} On August 26, 2013, appellant filed a complaint against appellee, Steven Beight, and B.T. Energy Group alleging conversion of appellant's funds and assets and also asserting a civil RICO claim. Also named in the complaint were Clearwater Shale Services, LLC, and Water-N-Hole, LLC, two companies that appellee was involved with. Steven Beight filed a third-party complaint against David Tod, Jr. raising various claims. Tod, Jr. then asserted various cross-claims in response against Steven Beight, appellee, and the other defendants, including claims for fraud and conversion.

{¶8} Next, appellee, along with Clearwater Sales and Water-N-Hole, filed a

motion for summary judgment on the original complaint and Tod, Jr.'s cross-claims. They argued that they never exercised dominion and control over appellant's money and assets.

**{¶9}** Appellant filed a response stating that it did not oppose summary judgment as to Clearwater and Water-N-Hole. But it did oppose summary judgment as to appellee, as it alleged she conspired with Steven Beight in committing illegal and fraudulent acts against it.

**{¶10}** The trial court granted summary judgment in favor of appellee, Clearwater, and Water-N-Hole. In doing so it found that appellee's and Steven Beight's affidavits were unopposed on two facts. First, appellee was not and never had been an owner, officer, manager, or employee of appellant. Second, the only connection between appellee and appellant was a Ford truck that was purchased and used for appellant's business that was registered in appellee's name so that Steven Beight could retain a personalized license plate. Therefore, the court found that appellee demonstrated she did not convert, receive, transfer, or steal money or assets from appellant. It further found that other than being listed as the title owner of the Ford truck, appellee had no connection with appellant.

**{¶11}** On appellant's motion, the trial court subsequently entered another judgment severing appellee as a party, stating that its order was final and appealable, and adding the language "no just reason for delay." Appellant then filed a timely notice of appeal on October 22, 2014.

**{¶12}** Appellant now raises a single assignment of error. It states:

THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT TO DEFENDANT LIZABETH BEIGHT.

**{¶13}** Appellant argues that, contrary to the trial court's finding, it did carry its reciprocal burden and established a genuine issue of material fact. Specifically, appellant points to citations in Steven Beight's deposition in its response to the motion for summary judgment. Appellant asserts the deposition established that the

2012 Ford truck was paid for using appellant's money and was titled in appellee's name. It further asserts it established that Steven Beight paid $202,094.50 in wages to himself, his son, and his friends in 2012, without the authority to do so. And it established that Steven Beight personally received $90,000 of those wages, which he deposited into a joint checking account with appellee. Additionally, appellant states the deposition established that when the truck was sold, Steven reimbursed himself and appellee and opened a new checking account. Finally, appellant states the deposition revealed that appellee received some of the money from the sale of the truck. Based on this evidence, appellant argues, the trial court should have found a genuine issue of material fact as to whether appellee participated in the defalcation of her husband and shared in the illegal proceeds.

{¶14} In reviewing a trial court's decision on a summary judgment motion, appellate courts apply a de novo standard of review. *Cole v. Am. Industries & Resources Corp.*, 128 Ohio App.3d 546, 552, 715 N.E.2d 1179 (7th Dist.1998). Thus, we shall apply the same test as the trial court in determining whether summary judgment was proper. Civ.R. 56(C) provides that the trial court shall render summary judgment if no genuine issue of material fact exists and when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. *State ex rel. Parsons v. Fleming*, 68 Ohio St.3d 509, 511, 628 N.E.2d 1377 (1994). A "material fact" depends on the substantive law of the claim being litigated. *Hoyt, Inc. v. Gordon & Assoc., Inc.*, 104 Ohio App.3d 598, 603, 662 N.E.2d 1088 (8th Dist.1995), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

{¶15} In this case, appellant raised claims against appellee for conversion and a civil RICO violation.

{¶16} Conversion is the wrongful exercise of dominion over property to the exclusion of the property owner or withholding property from the owner's possession under a claim inconsistent with the owner's rights. *Joyce v. Gen. Motors Corp.*, 49

Ohio St.3d 93, 96, 551 N.E.2d 172 (1990). The elements of a conversion action are: (1) the plaintiff had ownership or right of possession of the property at the time of conversion; (2) the defendant's conversion of plaintiff's property by a wrongful act or disposition; and (3) resulting damages. *Dice v. White Family Cos., Inc.*, 173 Ohio App.3d 472, 878 N.E.2d 1105, 2007-Ohio-5755, ¶17 (2d Dist.).

**{¶17}** A valid civil RICO claim must allege that the defendant committed one or more of the violations set forth in R.C. 2923.32. *Salata v. Vallas*, 159 Ohio App. 3d 108, 2004-Ohio-6037, 823 N.E.2d 50, ¶10 (7th Dist.). Additionally, the claim must state with specificity (1) that the defendant was involved in a "corrupt activity," (2) that the defendant was involved in a pattern of corrupt activity that consisted of two or more incidents of corrupt activity, and (3) that an enterprise existed separate and apart from the defendant through which the defendant acted. *Id.*, citing *Universal Coach, Inc. v. New York City Transit Auth., Inc.*, 90 Ohio App.3d 284, 291, 629 N.E.2d 28 (8th Dist.1993).

**{¶18}** In her affidavit, appellee stated that she has never been appellant's owner, officer, manager, or employee. (L. Beight Aff. ¶1). She averred that her only involvement with appellant was when Steven Beight put the title to a truck that he purchased with appellant's funds in her name. (L. Beight Aff. ¶2). She further averred that she did not drive the truck or use it for personal purposes and that on February 20, 2013, she transferred the title to Steven Beight. (L. Beight Aff. ¶¶3-4). Appellee stated that she has not had any involvement with her husband's business ventures with appellant or any other business. (L. Beight Aff. ¶14). And she stated that she was not paid any money by appellant as a salary or for any other reason. (L. Beight Aff. ¶17).

**{¶19}** Steven Beight's affidavit corroborated that of his wife. Steven Beight averred that he purchased the Ford truck in question for business purposes and used it solely for business purposes. (S. Beight Aff. ¶¶4, 6). He stated the reason he put the title to the truck in appellee's name was so that he could keep the vanity license plate "BEIGHT1," which was already in appellee's name, and transfer it to the truck.

(S. Beight Aff. ¶¶7-8). Steven stated he was told the only way to keep the vanity plate that was issued to appellee was to put the title of the truck in her name. (S. Beight Aff. ¶9). He further stated that he sold the truck to Donnell Ford in March 2013 and placed the funds he received in appellant's checking account. (S. Beight Aff. ¶10).

{¶20} Evidence exists in the record, however, that creates genuine issues of material fact.

{¶21} Steven Beight's deposition established that the 2012 Ford truck was paid for using appellant's money and was titled in appellee's name. (S. Beight Dep. 33-36). Steven Beight stated that when the truck was sold back to Donnell Ford, Donnell issued the check to him. (S. Beight Dep. 44). He stated Donnell was able to do this because the truck was put in either his name or appellant's name prior to the sale back to Donnell. (S. Beight Dep. 45). Notably, however, Beight did not have a copy of this alleged second title to the truck. (S. Beight Dep. 45). The only title to the truck that was offered as evidence listed appellee as the owner. (S. Beight Dep. Ex. 5, p. 4). This evidence creates a genuine issue of material fact as to who the title owner was when the truck was sold back to Donnell Ford and who actually received the proceeds of the sale.

{¶22} Moreover, David Tod, Jr. stated in his deposition that when Steven Beight sold appellant's equipment, he deposited that money into a PNC checking account. (Tod, Jr. Dep. 104). He further stated that this money then went into the Beight's personal checking account. (Tod, Jr. Dep. 104). And Steven Beight's deposition established that Steven paid himself $90,000 in wages from appellant, which he deposited into the joint checking account that he held with appellee. (S. Beight Dep. 67-78, 79, Ex. 11). Additionally, Steven Beight stated that he wrote a check payable to appellee on August 13, 2012, with the memo "2 F350 truck payments." (S. Beight Dep. 94). Steven stated that appellee had made two truck payments out of her own pocket and he reimbursed her. (S. Beight Dep. 94). This evidence is sufficient to create a genuine issue of material fact as to whether

appellee knowingly exerted control over appellant's funds and assets. While appellee denies having any involvement with appellant's funds and assets, there is evidence to suggest she may have participated to some degree in her husband's management of appellant's monies.

{¶23} In sum, appellant put forth enough evidence to create a genuine issue of material fact as to whether appellee exercised dominion or control over appellant's money or assets and whether she engaged in a pattern of corrupt activity. Therefore, the trial court should not have granted summary judgment in her favor.

{¶24} Accordingly, appellant's sole assignment of error has merit.

{¶25} For the reasons stated above, the trial court's judgment is hereby reversed. This matter is remanded to the trial court for further proceedings pursuant to law and consistent with this opinion.

Waite, J., concurs.

Robb, J., concurs.