JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Silvester Bericic, appeals the judgment of the Cuyahoga County Common Pleas Court that granted summary judgment to defendant-appellee, Denise Gibson, on appellant's complaint for breach of fiduciary duties and awarded damages to Gibson on her counterclaim for damages. We are unable to address the merits of this appeal, however, because the order appealed from is not final and immediately reviewable.
 {¶ 2} The record reveals that appellant filed the instant action against Gibson seeking an accounting and an award of damages for breach of fiduciary duties owed under a power of attorney. The power of attorney apparently authorized Gibson to manage rental property owned by appellant.[1] Gibson eventually answered and asserted a multi-count counterclaim in which she sought damages for (1) intentional infliction of emotional distress; (2) defamation; (3) misrepresentation; (4) negligence; (5) malice; (6) assault; (7) recovery of fees allegedly owed to Gibson for preparing appellant's taxes and evicting one of appellant's tenants; and (8) abuse of process.
 {¶ 3} Gibson thereafter moved for summary judgment, which the record reflects that appellant never opposed. The trial court ultimately granted Gibson's motion and awarded her $425 on her counterclaim, "for services rendered on behalf of [appellant] * * *."[2]
 {¶ 4} Appellant is now before this court and assigns four errors for our review. We are unable to reach the merits of appellant's appeal, however, because several of the claims asserted in Gibson's counterclaim remain unresolved.
 {¶ 5} It is axiomatic that an order must be final before it can be reviewed by an appellate court. Section 3(B)(2), ArticleIV, Ohio Constitution. Lack of finality renders this court without jurisdiction to review the matter and the appeal must be dismissed. See, generally, Stevens v. Ackman,91 Ohio St.3d 182, 2001-Ohio-249.
 {¶ 6} Moreover, because this appeal involves multiple claims, the requirements of Civ.R. 54(B) must also be met. See Denham v.New Carlisle (1999), 86 Ohio St.3d 594, 596. This rule provides, in relevant part:
 {¶ 7} "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, * * * the court may enter final judgment as to one or more but fewer than all of the claims * * * only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all claims * * *, shall not terminate the action as to any of the claims * * *."
 {¶ 8} In this case, the trial court not only granted Gibson judgment in her favor on the claims appellant had against Gibson, but also granted Gibson summary judgment on her counterclaim "for services rendered" to appellant. In this regard, Gibson sought, and the trial court awarded, damages totaling $425, which included $200 for preparing appellant's taxes and $225 for court-related travel expended on appellant's behalf as part of the eviction proceedings instituted against one of appellant's tenants. Left unresolved by the court are Gibson's claims for intentional infliction of emotional distress, defamation, misrepresentation, negligence, malice, assault and abuse of process. Because these claims remain pending before the trial court, we are precluded from reviewing the order that is the subject of this appeal at this time.
 {¶ 9} The appeal is dismissed.
Appeal dismissed.
Corrigan, A.J., and Kilbane, J., concur.
It is ordered that appellee recover from appellant costs herein taxed.
It is ordered that a special mandate be sent to the Cuyahoga County Common Pleas Court directing said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] Although the complaint states that the power of attorney is attached as an exhibit, no such document is appended.
[2] We note that appellant filed a Civ.R. 60(B) motion seeking to vacate this judgment on August 14, 2003, approximately two weeks after the trial court journalized the order that is the subject of this appeal. Appellant's notice of appeal was filed on August 27, 2003. The docket reflects that the trial court denied appellant's motion to vacate on September 3, 2003, after the notice of appeal had been filed in this court. When an appeal is pending, the trial court is divested of jurisdiction except to take action in aid of the appeal. See Howard v. Catholic SocialServ. of Cuyahoga Cty., Inc. (1994), 70 Ohio St.3d 141,146-147.