**PORTCO, INC., Appellee,**

v.

**EYE SPECIALISTS, INC., Appellant.**

[Cite as *Portco, Inc. v. Eye Specialists, Inc.*, 173 Ohio App.3d 108, 2007-Ohio-4403.]

Court of Appeals of Ohio,
Fourth District, Scioto County.

No. 06CA3127.

Decided Aug. 15, 2007.

Ruggiero & Haas, and Daniel P. Ruggiero, for appellee.

Dagger, Johnston, Miller, Ogilvie & Hampson, and Aaron R. Conrad, for appellant.

ABELE, Judge.

{¶ 1} This is an appeal from a Scioto County Common Pleas Court judgment in favor of Portco, Inc. ("Portco"), plaintiff below and appellee herein, on its claim against Eye Specialists, Inc. ("Eye Specialists"), defendant below and appellant herein.

{¶ 2} Appellant assigns the following errors for review:

## FIRST ASSIGNMENT OF ERROR:

The trial court erred by failing to credit defendant for the entire amount of the West Virginia Electric lien.

## SECOND ASSIGNMENT OF ERROR:

The trial court erred in failing to award defendant damages pursuant to the contract based upon plaintiff's failure to complete the work prior to the completion date.

## THIRD ASSIGNMENT OF ERROR:

The trial court erred by not ruling on defendant's counterclaim seeking damages for plaintiff's unworkmanlike performance of the contract.

{¶ 3} In July 2003, Portco agreed to renovate a former auto-arts store into a medical facility for Eye Specialists. In return, Eye Specialists promised to pay Portco $320,178. Because Eye Specialists wanted to open its Portsmouth office as soon as possible, the contract required "substantial completion" of the project no later than November 27, 2003. "Substantial completion" is defined in the contract as possession of an "occupancy permit." If the renovation was not substantially completed by that time, Portco agreed to pay a $200 per day penalty. In the end, Portco did not obtain an "occupancy permit" until several months after the targeted completion date.

{¶ 4} Portco commenced the instant proceeding and alleged that the contract had been completed, but Eye Specialists owed $31,061.13 for additional construction (change orders) that it had requested. Eye Specialists denied liability, counterclaimed for various alleged breaches of the contract, and requested in excess of $25,000 in compensatory damages.[1] Portco denied any liability on the counterclaim(s).

{¶ 5} At the bench trial, parties mainly focused on the change orders and their effect on the contract. John Kendall, a carpenter and inspector, also testified that the faulty installation of a generator caused roof leaks. Kendall explained that $8,000 to $10,000 would be needed to repair the roof. Likewise, Terry Lee Shultz, the Eye Specialists clinic director, testified that he had received a $10,000 quote for roof repair.[2]

---

1. Eye Specialists also filed a third-party complaint against West Virginia Electric, Inc. on a mechanics lien that it had against the property. That matter was ultimately resolved on a default judgment. The trial court ruled that the lien was "null and void" and ordered the Scioto County Recorder to cancel it of record.

2. It is unclear whether Shultz was referring to Kendall's estimate or to a quote from another individual.

{¶ 6} The trial court concluded that the construction delays were not caused by Portco, but rather by various change orders from Eye Specialists. Further, the court determined that Portco was due and owing $17,885.13 for the additional work. This appeal followed.

{¶ 7} We proceed, out of order, to appellant's third assignment of error. Eye Specialists asserts that the trial court erred by not deciding its counterclaim concerning the leaking roof. We agree. However, rather than reverse the trial court's judgment and remand the case, for the reasons that follow, we simply dismiss the appeal for lack of jurisdiction.

{¶ 8} Ohio courts of appeals possess jurisdiction to review the final orders of inferior courts within their district. See Section 3(B)(2), Article IV of the Ohio Constitution; R.C. 2501.02. A final, appealable order is one that, inter alia, affects a "substantial right" and determines the action. R.C. 2505.02(B)(1). Additionally, when multiple claims are included in an action, Civ.R. 54(B) also factors into consideration. See *In re Berman* (1990), 69 Ohio App.3d 324, 328, 590 N.E.2d 809; see, also, *Karr v. JLH of Athens, Inc.* (Dec. 4, 2000), Athens App. No. 99CA57, 2000 WL 33226179; *Gallucci v. Freshour* (Jun. 22, 2000), Hocking App. No. 99CA22, 2000 WL 864977. Civ.R. 54(B) allows a trial court to enter final judgment as to one or more but fewer than all of the claims "only upon an express determination that there is no just reason for delay." When applicable, the requirements of this rule must be satisfied in order for a judgment to be deemed final and appealable. See *State ex rel. Wright v. Ohio Adult Parole Auth.* (1996), 75 Ohio St.3d 82, 85, 661 N.E.2d 728; *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 541 N.E.2d 64, syllabus. If a judgment is not final and appealable, an appellate court has no jurisdiction to review the matter and the appeal must be dismissed. *Mtge. Electronic Registrations Sys. v. Mullins*, 161 Ohio App.3d 12, 2005-Ohio-2303, 829 N.E.2d 326, at ¶ 17; *Prod. Credit Assn. v. Hedges* (1993), 87 Ohio App.3d 207, 210, 621 N.E.2d 1360, fn. 2; *Kouns v. Pemberton* (1992), 84 Ohio App.3d 499, 501, 617 N.E.2d 701.

{¶ 9} Eye Specialists notes that the trial court failed to resolve the "second count" in its counterclaim that alleged that the work was not done in a workmanlike manner. During opening argument, Eye Specialists narrowed its argument under this count to the leaky roof and adduced evidence to show that roof repair will cost $8,000 to $10,000. The trial court did not rule on the counterclaim in its December 1, 2006 judgment. The trial court did, however, enter a Civ.R. 54(B) finding of "no just reason for delay," and this language would ordinarily resolve the jurisdictional issue. However, in *Wisintainer v. Elcen Power Strut, Co.* (1993), 67 Ohio St.3d 352, 617 N.E.2d 1136, the Ohio Supreme Court recognized the implicit authority of an appellate court to strike a Civ.R. 54(B) finding. In so doing, the court held that a Civ.R. 54(B) finding is, in

essence, a factual determination on whether an interlocutory appeal is consistent with interests of justice. Id. at paragraph one of the syllabus. Moreover, trial courts enjoy the same presumption of correctness as to this finding that they enjoy with any other factual findings, id. at 355, 617 N.E.2d 1136, and a trial court's Civ.R. 54(B) determination "must stand" when the record indicates that the interests of sound judicial administration will be served by a finding of "no just reason for delay." Id. at paragraph two of the syllabus.

██ {¶ 10} We recognize that *Wisintainer* sets forth a deferential standard and we are always reluctant to strike a Civ.R. 54(B) certification. See *Oakley v. Citizens Bank of Logan*, Athens App. No. 04CA25, 2004-Ohio-6824, at ¶ 11; *Bell Drilling & Producing Co. v. Kilbarger Constr., Inc.* (June 26, 1997), Hocking App. No. 96CA23, 1997 WL 361025. However, for the following reasons, we believe that in this case, the trial court should not have included the "no just reason for delay" language. First, nothing in the record suggests that the certification serves "sound judicial administration." We find no explanation why this is the case, and we are not so persuaded after our review of the record. To the contrary, less effort could be expended by resolving Portco's claim and the counterclaim simultaneously, rather than at some future date. Second, a partial final order is not appealable pursuant to Civ.R. 54(B) if pending unresolved counterclaims touch "upon the [very] same facts, legal issues and circumstances as the original claim." *Regional Imaging Consultants Corp. v. Computer Billing Servs., Inc.* (Nov. 30, 2001), Mahoning App. No. 00CA79, 2001 WL 1539261, *7. In the case sub judice, the claim and counterclaims all focus on the amount due and owing for the building renovation. Logically, all of those issues could be resolved now, rather than at a later time after Civ.R. 54(B) certification. A simultaneous resolution will benefit the parties because the trial court could, if necessary, modify the monetary award and provide a final resolution to this dispute.

{¶ 11} For these reasons, we believe that judicial economy and justice are better served by resolving these claims together, and we strike the Civ.R. 54(B) "no just reason for delay" finding. Therefore, we hold that the trial court's judgment is neither final nor appealable, and we lack jurisdiction at this juncture to conduct a review. Accordingly, we hereby dismiss the appeal.

Appeal dismissed.

McFARLAND, P.J., and KLINE, J., concur.