YOUNG, Appellee,

v.

HOBBS, Appellant.

[Cite as *Young v. Hobbs,* 182 Ohio App.3d 649, 2009-Ohio-3181.]

Court of Appeals of Ohio,
Fourth District, Meigs County.

No. 08CA5.

Decided June 22, 2009.

Kenneth Hobbs II, pro se.[1]

---

1. Appellee did not enter an appearance in this appeal.

ABELE, Judge.

{¶ 1} This is an appeal from a Meigs County Common Pleas Court default judgment in favor of Allen Young, plaintiff below and appellee herein, on his claim(s) against Ken Hobbs, defendant below and appellant herein.

{¶ 2} Appellant assigns the following errors for review:

FIRST ASSIGNMENT OF ERROR:

Plaintiff failed to provide discovery that was both requested and required by law and courts by June, 24, 2008.

SECOND ASSIGNMENT OF ERROR:

Common pleas court issued hearing and trial instructions which plaintiff failed to abide by, this rendered their [sic] case void.

THIRD ASSIGNMENT OF ERROR:

Court failed to answer motion filed by the defendant on June 24th, 2008 to strike and dismiss pursuant to [Civ.R. 37(B) & (D) ].

FOURTH ASSIGNMENT OF ERROR:

Plaintiff failed to file motion to dismiss jury by trial before the deadline of June 24th, 2008. Thus, jury trial still stands.

FIFTH ASSIGNMENT OF ERROR:

Court failed to transport incarcerated inmate or consider other means such as closed-circuit TV etc., and failed to answer motions requesting transport.

SIXTH ASSIGNMENT OF ERROR:

Court failed to provide proper due process and failed to answer motion for continuance until inmate was either released or transported.

SEVENTH ASSIGNMENT OF ERROR:

Conflict of interest—judge story having previously presided over the same criminal matter, now civil, involving the very same parties disqualifies him to take this case.

EIGHTH ASSIGNMENT OF ERROR:

Failure of court and parties to provide mitigating evidence, i.e. original police reports, etc.

NINTH ASSIGNMENT OF ERROR:

Failure to allow defendant to testify in any way, plaintiff's attorney relying upon the fact that an incarcerated person could not, of his own accord, appear and/or defend himself at court.

TENTH ASSIGNMENT OF ERROR:

Filing of frivolous lawsuit, failure to consider defendant's ability to pay such a large judgment of $100,000.00.

ELEVENTH ASSIGNMENT OF ERROR:

Plaintiff's attorney violated codes of conduct by filing case in July of 2007, intentionally delaying delivery of summons until December 14, 2007 when defendant was fully available and nearby.

TWELFTH ASSIGNMENT OF ERROR:

Being the original judge in the same case, Mr. story ethically should not have ever taken this case. It creates unexcusable [*sic*] conflict of interest even if his intentions were not to harm. The appearance of his conduct is questionable as a professional and a judge.

THIRTEENTH ASSIGNMENT OF ERROR:

It is my understanding that I cannot bring up a new subject on appealing this appeal if I do not bring the subject up here. therefore I have listed thirty-three (33) errors of the original trial court.[2]

{¶ 3} On the evening of July 23, 2006, appellant allegedly struck appellee with a crowbar and broke his arm so severely that appellee needed two surgeries to repair the damage. Appellee commenced the instant action on July 19, 2007. He advanced claims in both battery and negligence and requested compensatory and punitive damages. Appellant is currently incarcerated and filed a rambling pro se narrative of his version of events that, essentially, denied the gist of the allegations.[3]

{¶ 4} At the March 24, 2008 initial pretrial hearing, appellant did not appear. His wife appeared on appellant's behalf, but because she is not licensed to practice law, she was prohibited from arguing on his behalf. The trial court set the matter for a July 14, 2008 final pretrial and further specified that if any party failed to abide by the directions set forth in the entry, a default judgment could follow.

{¶ 5} The matter came on for the final pretrial on the scheduled date. Once again, appellant did not appear. The trial court and appellee's counsel initially discussed changing the original trial date, but the trial court invited counsel to make a motion to "default [appellant] out * * * for a no-show." The court granted the motion and appellee gave testimony concerning damages. Appellee stated that $100,000 would compensate him for his injuries. This appeal followed.

{¶ 6} We initially point out that appellant's brief is almost as unintelligible as his pleadings. We, however, have a long history of affording leniency to pro se

---

**2.** We have no idea what appellant means by "thirty-three (33) errors of the original trial court." As they are not set forth as assignments of error, we will disregard them.

**3.** It is unclear from the record whether appellant's current incarceration is related to the assault at issue in this case or some other charge.

litigants. See *Besser v. Griffey* (1993), 88 Ohio App.3d 379, 382, 623 N.E.2d 1326; *State ex rel. Karmasu v. Tate* (1992), 83 Ohio App.3d 199, 206, 614 N.E.2d 827, 832. With this in mind, we construe appellant's sixth assignment of error as arguing that the trial court entered a default judgment against him in violation of Civ.R. 55(A). We agree with this argument.

{¶ 7} Civ.R. 55(A) states that if a party against whom affirmative relief is sought has "failed to plead or otherwise defend" against the action, the party seeking affirmative relief can apply for a default judgment. But, "[i]f the party against whom judgment by default is sought has appeared in the action, he * * * shall be served with *written notice of the application* for judgment at least seven days prior to the hearing on such application." (Emphasis added.) Id. Once an appearance has been made by the party against whom default judgment is sought, the notice and hearing are mandatory. Any default judgment entered without notice and hearing is void and shall be vacated on appeal. See *Hartmann v. Ohio Crime Victims Reparations Fund* (2000), 138 Ohio App.3d 235, 238, 741 N.E.2d 149; *State v. Heft*, Franklin App. No. 03AP–211, 2003-Ohio-4893, 2003 WL 22128908, at ¶ 7–8; *Montgomery v. Doe* (Dec. 22, 1998), Franklin App. Nos. 98AP–534 and 98AP–623, 1998 WL 894845.

{¶ 8} In the case sub judice, appellant entered an appearance in the action. Indeed, the record is replete with rambling and almost nonsensical pro se filings. We, however, decline to answer at this time the question of whether his inability to attend the trial court proceedings constitutes a "failure to defend" against the action, although decisional law does provide otherwise. Assuming arguendo that it does, Civ.R. 55(A) requires that appellant be given seven days notice that appellee moved for a default judgment. This did not happen, as the trial court invited the motion, counsel made the motion, and the court granted the motion and considered the issue of damages.

{¶ 9} Although appellee did not file a brief in this matter, to the extent that he may rely on the March 25, 2008 entry to provide the requisite notice, we believe that such reliance is misplaced. It is true that the entry warned of the potential for a default judgment if any party failed to comply with the entry. However, Civ.R. 55(A) addresses what must take place after the motion for default judgment is made. Obviously, at the time of the March 25, 2008 entry, no such motion had been made. Thus the warnings included in the entry do not satisfy the notice provisions of the rule.

{¶ 10} For these reasons, we hereby sustain appellant's sixth assignment of error to the limited extent discussed herein. Thus, the trial court's judgment is hereby reversed and the case remanded for further proceedings consistent with

this opinion.  Appellant's remaining assignments of error are now rendered moot and will be disregarded pursuant to App.R. 12(A)(1)(b).

Judgment reversed
and cause remanded.

HARSHA and McFARLAND, JJ., concur.