[Cite as *Finnegan v. Hillsboro Ford-Mercury Sales*, 2011-Ohio-5359.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

| | | |
|---|---|---|
| LINDSAY FINNEGAN, | : | |
| | : | |
| Plaintiff-Appellant, | : | Case No. 10CA16 |
| | : | |
| vs. | : | |
| | : | **Released: September 30, 2011** |
| HILLSBORO FORD-MERCURY | : | |
| SALES, et al., | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| Defendants-Appellees. | : | |

APPEARANCES:

Lindsay Finnegan, Hillsboro, Ohio, pro se Appellant.

Michael D. Stultz, Karl C. Kerschner, and Lincoln E. Fielding, Meyer & Kerschner, LTD., Tiffin, Ohio, for Appellees.

McFarland, J.:

{¶1} Appellant Lindsay Finnegan appeals the judgment of the trial court granting summary judgment to Appellee Lorain National Bank. Appellant argues the trial court erred by having its staff inform Appellant she was not required to file a memorandum contra when summary judgment against her was pending. Having reviewed the record, we find the trial court's grant of summary judgment was not a final, appealable order and we dismiss the appeal for lack of jurisdiction.

PROCEDURAL BACKGROUND

{¶2} On May 11, 2009, Appellant Lindsay Finnegan ("Finnegan") filed a complaint against Hillsboro Ford-Mercury Sales, Inc. ("HFMS"), Melvin Warner, and Morgan Bank, N.A. alleging fraud and multiple violations of the Ohio Consumer Sales Practice Act. Finnegan subsequently substituted Appellee Lorain National Bank ("LNB") as the successor in interest to Morgan Bank.

{¶3} Finnegan moved for, and obtained, default judgment against HFMS, on liability only. The trial court explicitly set the matter of damages for a later hearing.

{¶4} LNB then moved for summary judgment on Finnegan's claims. Finnegan did not file a memorandum contra. Thus, the trial court granted LNB's motion for summary judgment and dismissed Finnegan's claims against LNB.

{¶5} It was not until after Finnegan filed her notice of appeal that the trial court finally issued a ruling that determined the amount of damages HFMS owed Finnegan.

FINAL, APPEALABLE ORDER

{¶6} "Ohio courts of appeals possess jurisdiction to review the final orders of inferior courts within their district." *Portco, Inc. v. Eye Specialists, Inc.*, 173 Ohio App.3d 108, 2007-Ohio-4403, 877 N.E.2d 709, at ¶8, citing Section 3(B)(2), Article IV, Ohio Constitution and R.C. 2501.02. "A final, appealable order is one

that, inter alia, affects a 'substantial right' and determines the action." Id., citing R.C. 2505.02(B)(1). "Additionally, when multiple claims are included in an action, Civ.R. 54(B) also factors into consideration. (Citations omitted.) Id. "When a court issues a judgment that disposes of some claims but leaves other claims pending, the order is final and appealable only if the judgment complies with Civ.R. 54(B)." *Truitt v. Hamm*, 4th Dist. No. 09CA3310, 2010-Ohio-3367, at ¶8. "Civ.R. 54(B) allows a trial court to enter final judgment as to one or more, but fewer than all, claims in a multi-claim action only upon an express determination of 'no just reason for delay.'" Id. "If a judgment is not final and appealable, then an appellate court has no jurisdiction to review the matter, and it must be dismissed." *Mtge. Electronic Registrations Sys. v. Mullins,* 161 Ohio App.3d 12, 2005-Ohio-2303, 829 N.E.2d 326, at ¶ 17, citing *Prod. Credit Assn. v. Hedges* (1993), 87 Ohio App.3d 207, 210, 621 N.E.2d 1360, at fn. 2 and *Kouns v. Pemberton* (1992), 84 Ohio App.3d 499, 501, 617 N.E.2d 701.

{¶7} Here, the court's entry granting LNB's motion for summary judgment was not a final, appealable order because it did not dispose of all claims against all parties and it did not contain a certification that there was "no just reason for delay." Though the court's entry stated it was a "final appealable order," it contained no certification that there was "no just reason for delay," which was necessary because the entry disposed of some claims, but left other claims pending.

Specifically, the issue of what damages HFMS owed Finnegan remained outstanding.

{¶8} When Finnegan filed her notice of appeal, there was no final, appealable order for us to review.  Thus, we were without jurisdiction to consider the merits of her appeal.  Accordingly, we dismiss Finnegan's appeal for lack of jurisdiction.

**APPEAL DISMISSED**.

Harsha, P.J., Concurring.

{¶9} Based upon equitable considerations of leniency, the dissent would relax the jurisdictional requirement that every appellant, including those appearing pro se, appeal from a final appealable order.

{¶10} This case does not involve a premature notice of appeal under App.R. 4(C).  Here, the order Finnegan is contesting was simply interlocutory.  There being no applicable exceptions to the general rule that interlocutory orders are not appealable, I cannot simply rely upon leniency to supply a jurisdictional prerequisite.  To the extent we have done so in the past, we should not continue that practice in a well-intentioned but erroneous effort to assist pro se litigants. To do so invites mischief on several fronts.

{¶11} First, we have no direction to pick and choose which litigants will be required to follow the rules and which ones will not.  And to act where we lack

subject matter jurisdiction invites trouble because our judgment will be subject to collateral attack at any time.  Thus, I concur in the unpleasant task of informing the appellant that she has no right to pursue her appeal at this point.


Kline, J., Dissenting.

{¶12} I respectfully dissent because I believe we should address the Appellant's arguments on the merits.  Appellant, a pro se litigant, appealed from the trial court's grant of summary judgment entered in Appellee's favor.  However, when the court filed its entry, Appellant's damages claim against another party was not yet resolved.  That claim has since been resolved.  In the past, we have relaxed App.R. 4(C) and treated a premature notice of appeal, such as Appellant's in this case, as filed immediately after the trial court filed its final order.  See *Keeton v. Telemedia Co. of S. Ohio* (1994), 98 Ohio App.3d 405, 408 at fn.3 citing *Prod. Credit Assn. v. Hedges* (1993), 87 Ohio App.3d 207, 210 at fn.2; see, also, *Cole v. Cole* (Nov. 8, 1993), Scioto App. No. 93CA2146.

{¶13} This Court has "a long history of affording leniency to pro se litigants." *Young v. Hobbs*, 182 Ohio App.3d 649, 2009-Ohio-3181, at ¶6.  Accordingly, I would relax the application of App.R. 4(C) and consider this appeal on the merits.  Thus, I respectfully dissent.

## **JUDGMENT ENTRY**

It is ordered that the APPEAL BE DISMISSED and that the Appellees recover of Appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Harsha, P.J., Concurs with Concurring Opinion.
Kline, J., Dissents with Dissenting Opinion.

For the Court,

BY: _____
Matthew W. McFarland, Judge

### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**