[Cite as *Third Fed. S. & L. v. Krych*, 2013-Ohio-4483.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99762**

## THIRD FEDERAL SAVINGS & LOAN, ETC.

PLAINTIFF-APPELLEE

vs.

## CAROL KRYCH, ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
DISMISSED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-634597

**BEFORE:**  Blackmon, J., Celebrezze, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:**  October 10, 2013

**ATTORNEY FOR APPELLANTS**

Susan M. Gray
Susan M. Gray Attorneys and Counselors at Law
Ohio Savings Bank Building
22255 Center Ridge Road
Suite 210
Rocky River, Ohio 44116


**ATTORNEYS FOR APPELLEE**

Christopher S. Casterline
Eric T. Deighton
James L. Sassano
Carlisle, McNellie, Kramer & Ulrich, Co., L.P.A.
24755 Chagrin Blvd.
Suite 200
Cleveland, Ohio 44122

PATRICIA ANN BLACKMON, J.:

**{¶1}** Appellants Carol Krych and Paul Biros (collectively referred to as "the borrowers") appeal the trial court's granting of partial summary judgment in favor of appellee Third Federal Savings and Loan Association of Cleveland ("Third Federal") and assign the following errors for our review:

> I.  The trial court erred as a matter of law and to the prejudice of appellants in granting appellee's motion for summary judgment, in part.

> II.  The trial court erred as a matter of law in not construing counterclaims as affirmative defenses.

**{¶2}** Having reviewed the record and pertinent law, we dismiss the appeal for lack of a final, appealable order.   The apposite facts follow.

### Facts

**{¶3}** On September 4, 2007, Third Federal filed a complaint of foreclosure against the borrowers for nonpayment of their mortgage in the amount of $157,000.   The borrowers filed an answer to the complaint in which they raised affirmative defenses and counterclaims.    The counterclaims asserted were: violation of the Truth in Lending Act ("TILA"), violation of the Real Estate Settlement Procedures Act ("RESPA"), improvident lending, negligence and gross negligence, unconscionability, unjust enrichment, breach of duty of good faith and fair dealing, failure to negotiate in good faith, and failure to mitigate damages.

**{¶4}** Third Federal filed a motion for summary judgment on its foreclosure claim and on the borrowers' counterclaims, which the borrowers opposed.   The trial court denied Third Federal's motion for summary judgment on its foreclosure claim and on the

borrowers' claims under the TILA and RESPA. The trial court, however, granted summary judgment in Third Federal's favor on the borrowers' counterclaims for improvident lending, negligence, gross negligence, negligent and intentional misrepresentation, unconscionability, unjust enrichment, breach of good faith and fair dealing, failure to negotiate in good faith, and failure to mitigate damages. The court added the Civ.R. 54(B) language, "No just reason for delay."

## Final, Appealable Order

{¶5} We dismiss the appeal for lack of a final appealable order. Ohio courts of appeals have appellate jurisdiction over "final appealable orders." Ohio Constitution, Article IV, Section 3(B)(2). If a judgment appealed is not a final order, an appellate court has no jurisdiction to consider it and the appeal must be dismissed. *In re S.M.B.*, 8th Dist. Cuyahoga No. 99035, 2013-Ohio-1801, ¶ 4.

{¶6} An order that adjudicates one or more but fewer than all the claims or the rights and liabilities of fewer than all the parties must meet the requirements of both R.C. 2505.02 and Civ.R. 54(B) in order to be final and appealable. *Noble v. Colwell*, 44 Ohio St.3d 92, 540 N.E.2d 1381 (1989), syllabus; *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 541 N.E.2d 64 (1989), syllabus.

{¶7} In the instant case, the trial court added the Civ.R. 54(B) language, "No just reason for delay." This phrase "is not a mystical incantation which transforms a nonfinal order into a final appealable order. Such language can, however, through Civ.R. 54(B), transform a final order into a final appealable order." *Wisintainer v. Elcen Power Strut*

*Co.*, 67 Ohio St.3d 352, 354, 1993-Ohio-120, 617 N.E.2d 1136.    The court should only make a Civ.R. 54(B) finding when it serves the interests of judicial economy such as avoiding piecemeal appeals.  *Sullivan v. Anderson*, 122 Ohio St.3d 83, 2009-Ohio-1971, 909 N.E.2d 88, ¶ 10; *Wisintainer* at 355.    When the interests of judicial economy are not served, a trial court's Civ.R. 54(B) finding is subject to reversal.  *Hill v. Hughes*, 4th Dist. Ross No. 06CA2917, 2007-Ohio-3885, ¶ 8.

{¶8}   We conclude that in the instant case, judicial economy will not be served by separating the claims for review.   There are certain issues to consider prior to allowing an appeal pursuant to Civ.R. 54(B).

> An order that disposes of fewer than all of the claims in an action, and contains a Civ.R. 54(B) determination that there is no just reason for delay, is appealable if the claim or claims disposed of are entirely disposed of and either of the following applies.   First, are the disposed of claims factually separate and independent from the remaining claims?   An example would be claims that are based on different transactions or occurrences such as one claim for slander and another for negligence because of an automobile accident.   Second, if the claims are not factually separate and independent, do the legal theories presented in the disposed of claims require proof of substantially different facts and/or provide for different relief from the remaining claims.

*Walker v. Firelands Community Hosp.,* 6th Dist. Erie No. E-06-023, 2006-Ohio-2930, ¶ 23.  *See also Salata v. Vallas*, 159 Ohio App.3d 108, 2004-Ohio-6037, 823 N.E.2d 50 (7th Dist.) (In spite of Civ.R. 54(B) language, the judgment is not a final, appealable order because the partial summary judgment is based on the same facts and circumstances that exist in the claims that remain pending before the trial court); *Portco, Inc. v. Eye Specialist, Inc.*, 173 Ohio App.3d 108, 2007-Ohio-4403, 877 N.E.2d 709 (4th Dist.)

(court should not have added Civ.R. 54(B) language because it does not serve the "interests of sound judicial administration" because counterclaims touch on the same facts, legal issues, and circumstances as the pending claims).

{¶9} Here the claims that are pending are interrelated to the claims that the court entered summary judgment on. Part of the borrowers' TILA counterclaim, which is still pending, alleges that Third Federal failed to adequately determine whether the borrowers qualified for the loan. This same allegation exists in several of the counterclaims that the trial court entered judgment. Additionally, some of the claims that the trial court granted summary judgment on also alleged that Third Federal failed to provide legally required notice regarding the terms of the note, that is also the allegation encompassed in the pending TILA and RESPA counterclaims.

{¶10} For these reasons, we believe that judicial economy and justice are better served by resolving these claims together. Therefore, we conclude that the trial court's judgment is not a final, appealable order, and we lack jurisdiction to conduct a review of the appeal. Accordingly, we hereby dismiss the appeal.

{¶11} Appeal dismissed.

It is ordered that appellants and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of

the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
EILEEN A. GALLAGHER, J., CONCUR