[Cite as *Demsey v. Sheehe*, 2014-Ohio-2409.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100693**

## KENNETH JAMES DEMSEY

PLAINTIFF-APPELLANT

vs.

## LAWRENCE G. SHEEHE, JR., ETC., ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
DISMISSED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-12-782829

**BEFORE:** Jones, P.J., Keough, J., and McCormack, J.

**RELEASED AND JOURNALIZED:** June 5, 2014

**ATTORNEY FOR APPELLANT**

Robert Troll Lynch
35253 Maplegrove
Suite 102
Willoughby, Ohio 44094


**ATTORNEY FOR APPELLEE**

S. Robert E. Lazzaro
Costanzo & Lazzaro
13317 Madison Avenue
Lakewood, Ohio 44107

LARRY A. JONES, SR., P.J.:

{¶1} Plaintiff-appellant Kenneth Demsey appeals the trial court's decision to dismiss his complaint. For the reasons that follow, we dismiss the appeal for lack of a final, appealable order.

{¶2} In May 2012, Demsey filed a pro se complaint against defendant-appellee, Lawrence Sheehe, Jr., executor of the estate of Louise Demsey ("the estate"). Louise, Demsey's mother, died in June 2010. Four of Louise Demsey's other children were also named as defendants in the complaint, but Demsey eventually dismissed the complaint against them.

{¶3} Demsey alleged that he was owed $280,000 for "healthcare and personal services" he had provided for his mother before she died; $23,000 he loaned her to pay taxes, insurance, utilities, and maintenance on her home; and $9,968 for her funeral expenses.

{¶4} The estate filed an answer and counterclaim. In its counterclaim, the estate alleged that Demsey misappropriated his mother's funds and owed rent for the time he lived at his mother's residence and for damages he caused to the property. The estate requested damages exceeding $25,000.

{¶5} The trial court dismissed Demsey's complaint against the estate with prejudice:

> This court finds that Plaintiff has failed to fully comply with the court's 9/9/13 order and thus dismisses the case with prejudice at plaintiff's costs. Plaintiff's complaint is hereby dismissed with prejudice. Court costs assessed to the plaintiff(s).

{¶6} Demsey filed his notice of appeal, indicating he was appealing the trial court's judgment dismissing his complaint with prejudice.[1]

{¶7} Demsey raises one assignment of error for our review:

[I.] The lower court erred in ordering the overly severe sanction of dismissal which violates both Ohio and federal constitutional law.

{¶8} As an initial matter, we must determine whether the trial court's order dismissing Demsey's complaint was a final, appealable order. We find that it is not.

{¶9} Courts of appeals have jurisdiction over "final orders" of lower courts. Section 3(B)(2), Article IV of the Ohio Constitution. "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial," when it "affects a substantial right in an action that in effect determines the action and prevents a judgment." R.C. 2505.02(B)(1).

{¶10} An order that adjudicates one or more but fewer than all the claims or the rights and liabilities of fewer than all the parties must meet the requirements of both R.C. 2505.02 and Civ.R. 54(B) in order to be final and appealable. *Noble v. Colwell*, 44 Ohio St.3d 92, 540 N.E.2d 1381 (1989), syllabus; *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 541 N.E.2d 64 (1989), syllabus. Pursuant to Civ.R. 54(B), "the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay."

{¶11} In its order dismissing Demsey's complaint with prejudice, the trial court did

---

[1] Demsey also filed a motion for relief from judgment pursuant to Civ.R. 60(B), which the trial court denied.

not indicate that there was no just reason for delay. *See, e.g.*, *Castrovinci v. Habeeb*, 8th Dist. Cuyahoga No. 94511, 2010-Ohio-6022, ¶ 7; *Compare Portco, Inc. v. Eye Specialists, Inc.*, 173 Ohio App.3d 108, 2007-Ohio-4403, 877 N.E.2d 709 (4th Dist.) (no final, appealable order even though court included Civ.R. 54(B) language because the counterclaims touched on the same facts, legal issues, and circumstances as the pending claims).

{¶12} More importantly, the estate's counterclaims remain pending: the estate neither voluntarily dismissed its counterclaim nor did the trial court dismiss or otherwise dispose of the counterclaim.

{¶13} Without a final, appealable order, we lack jurisdiction to review the matter and must dismiss the case; accordingly, the appeal is dismissed for lack of a final, appealable order. *See Mayfield v. Flagg*, 8th Dist. Cuyahoga No. 97637, 2012-Ohio-1957, ¶ 3 (appeal dismissed for lack of final, appealable order because trial court's order did not dispose of counterclaim nor did it contain Civ.R. 54(B) language).

{¶14} Accordingly, the appeal is dismissed and the matter is remanded for further proceedings consistent with this opinion.

It is ordered that appellees recover of appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

LARRY A. JONES, SR., PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
TIM McCORMACK, J., CONCUR