[Cite as *Altenheim v. Januszewski*, 2018-Ohio-1395.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105860**

# ALTENHEIM

PLAINTIFF-APPELLANT

vs.

# KASHA JANUSZEWSKI

DEFENDANT-APPELLEE

**JUDGMENT:**
DISMISSED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-15-848001

**BEFORE:** E.T. Gallagher, P.J., Celebrezze, J., and Jones, J.

**RELEASED AND JOURNALIZED:** April 12, 2018

**ATTORNEYS FOR APPELLANT**

W. Cory Phillips
Joseph F. Petros, III
Rolf Goffman Martin Lang L.L.P.
30100 Chagrin Blvd., Suite 350
Cleveland, Ohio 44124


**ATTORNEY FOR APPELLEE**

Joseph T. Burke
Polito Rodstrom & Burke L.L.P.
21300 Lorain Road
Fairview Park, Ohio 44126

EILEEN T. GALLAGHER, P.J.:

{¶1}   Plaintiff-appellant Altenheim ("Altenheim") appeals from the order of the trial court granting summary judgment to Kasha Januszewski ("Januszewski") on Altenheim's claims seeking $24,335 for breach of contract and other claims, in connection with decedent James Stokowski's ("Stokowski") admission and care. Altenheim assigns the following errors for our review:

> I.   The trial court erred in granting [Januszewski's] motion for summary judgment.
>
> II.   The trial court erred in denying [Altenheim's] motion for summary judgment.
>
> III.   The trial court erred in failing to rule on [Altenheim's] motion for leave to amend its complaint.
>
> IV.   The trial court erred in failing to grant [Altenheim's] motion to compel and failing to rule on [Altenheim's] associated request for expenses and attorney's fees for summary judgment.
>
> V.   The trial court erred in failing to rule on [Altenheim's] request for expenses and attorney's fees in connection with responding to [Januszewski's] baseless motion for sanctions.
>
> VI.   The trial court erred in failing to rule on [Altenheim's] motion to supplement pursuant to Civ.R. 56(E).

{¶2}   Having reviewed the record and pertinent law, we dismiss this case for lack of a final appealable order.

{¶3}   On July 8, 2015, Altenheim filed a four-claim complaint against Januszewski, alleging that her late father, Stokowski, incurred expenses during his 2014 stay at Altenheim.   Altenheim alleged that Januszewski signed Stokowski's admission

agreement as his legal representative and attorney-in- fact and that she breached the terms of the admission agreement requiring her to pay for Stokowski's care "using Stokowski's resources" and to "cooperate in obtaining Medicaid * * * for Stokowski." Altenheim also set forth claims against Januszewski for promissory estoppel, personal liability as power of attorney under R.C. 1337.092(B), and fraudulent transfer of Stokowski's assets.

{¶4} Januszewski denied liability and asserted that Stokowski was "fully able to sign on his own behalf" but Altenheim insisted that Januszewski sign the admission agreement as his attorney-in-fact for insurance purposes and indicated that she would not be liable for his care. She asserted counterclaims for breach of contract, promissory estoppel, violations of the Consumer Sales Practices Act ("CSPA"), abuse of process, negligent misrepresentation, and fraud.

{¶5} Januszewski filed a motion for summary judgment on July 22, 2016, and Altenheim filed a cross-motion for summary judgment on December 30, 2016.

{¶6} On May 3, 2017, the trial court issued the following journal entry:

The court hereby denies plaintiff's motion for summary judgment and grants defendant's motion for summary judgment. Plaintiff failed to show that defendant had any duty to pay decedent's debt to plaintiff. Pursuant to the plaintiff's admission agreement, Defendant, as decedent's legal representative and attorney-in-fact, is not personally liable for the decedent's debts as decedent was not declared mentally incapable of meeting his financial obligations to plaintiff. Accordingly, defendant's

motion for summary judgment is granted and this case is hereby dismissed with prejudice.

**{¶7}** After Altenheim filed its notice of appeal, this court asked the parties to brief the issue of appellate jurisdiction. Januszewski maintains that this court is without jurisdiction because her counterclaims have not been adjudicated and the trial court's order does not assert that there is no just reason for delay. Altenheim argues that Januszewski cannot challenge the court's failure to resolve the counterclaims because she did not cross-appeal the trial court's ruling. We conclude that the May 3, 2017 order is not a final appealable order and we are without jurisdiction over this appeal.

**{¶8}** This court may entertain only those appeals from final judgments or orders. *Noble v. Colwell*, 44 Ohio St.3d 92, 96, 540 N.E.2d 1381 (1989); Section 3(B)(2), Article IV of the Ohio Constitution. If a trial court's order is not final, then an appellate court has no jurisdiction to review the matter, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989); *Assn. of Cleveland Firefighters, # 93 v. Campbell*, 8th Dist. Cuyahoga No. 84148, 2005-Ohio-1841, ¶ 6. Moreover, this court has a duty to examine, sua sponte, potential deficiencies in jurisdiction. *See, e.g., Scheel v. Rock Ohio Caesars Cleveland, L.L.C.*, 8th Dist. Cuyahoga No. 105037, 2017-Ohio-7174, ¶ 7, citing *Arch Bay Holdings, L.L.C. v. Goler*, 8th Dist. Cuyahoga No. 102455, 2015-Ohio-3036, ¶ 9.

**{¶9}** An order that adjudicates one or more but fewer than all the claims or the rights and liabilities of fewer than all the parties must meet the requirements of both R.C. 2505.02 (defining a final order) and Civ.R. 54(B) (defining a judgment) in order to be

final and appealable. *Noble* at syllabus; *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 88, 541 N.E.2d 64 (1989), syllabus. Pursuant to Civ.R. 54(B), "the court may enter *final* judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." (Emphasis added.)

{¶10} However, Civ.R. 54(B) does not alter the requirement that an order must be final before the no just reason for delay language renders it appealable. *Gen. Acc. Ins. Co.* at 21, citing *Douthitt v. Garrison*, 3 Ohio App.3d 254, 255, 444 N.E.2d 1068 (9th Dist.1981). Therefore, a partial final order is not appealable pursuant to Civ. R. 54(B) if pending unresolved counterclaims touch upon the very same facts, legal issues and circumstances as the original claim. *Portco, Inc. v. Eye Specialists, Inc.*, 173 Ohio App.3d 108, 2007-Ohio-4403, 877 N.E.2d 709, ¶ 10 (4th Dist.). *Accord Salata v. Vallas*, 159 Ohio App.3d 108, 2004-Ohio-6037, 823 N.E.2d 50, ¶ 10 (7th Dist.) (adjudicated claim that has a common body of interest with an unadjudicated claim is not final and appealable even with Civ.R. 54(B) language); *Ollick v. Rice,* 16 Ohio App.3d 448, 452, 476 N.E.2d 1062 (8th Dist.1984); *Pesta v. Parma*, 8th Dist. Cuyahoga No. 92363, 2009-Ohio-3060, ¶ 13.

{¶11} In this matter, the trial court awarded Januszewski summary judgment on the claims of Altenheim's complaint but the court did not dispose of any of Januszewski's counterclaims for relief. It is therefore not final. *Scheel* at ¶ 21; *Myocare Nursing Home, Inc. v. Hohmann*, 8th Dist. Cuyahoga No. 104290, 2017-Ohio-186, ¶ 17; *Demsey v. Sheehe*, 8th Dist. Cuyahoga No. 100693, 2014-Ohio-2409, ¶ 9-14; *Bericic v. Gibson*, 8th Dist. Cuyahoga No. 83387, 2004-Ohio-1458, ¶ 8; *Mayfield v. Flagg*, 8th Dist.

Cuyahoga No. 97637, 2012-Ohio-1957, ¶ 3. We additionally note that the trial court's order did not certify that there is not just reason for delay under Civ.R. 54(B). However, because the unresolved counterclaims touch on the same facts, legal issues, and circumstances as the claims presented on appeal, the simple addition of this language to the trial court's May 3, 2017 journal entry would not be sufficient to render that order final and appealable. *Portco*; *Pesta; Third Fed. S. & L. v. Krych*, 8th Dist. Cuyahoga No. 99762, 2013-Ohio-4483, ¶ 8-10.

{¶12} Accordingly, we find that the trial court's order granting Januszewski's motion for summary judgment is not a final and appealable order.

{¶13} Appeal is dismissed.

It is ordered that appellee recover of appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

EILEEN T. GALLAGHER, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
LARRY A. JONES, SR., J. CONCUR