[Cite as *Broadway Concrete Invests., L.L.C. v. Masonry Contracting Corp.*, 2021-Ohio-1813.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

|  |  |  |
|---|---|---|
| BROADWAY CONCRETE INVESTMENTS, L.L.C., | : | |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 109839 |
| v. | : | |
| MASONRY CONTRACTING CORP., ET AL. | : | |
| | : | |
| Defendants-Appellants. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** May 27, 2021

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-18-903809

### *Appearances:*

Stark & Knoll Co., L.P.A., and Michael L. Fortney, *for appellee.*

The Law Offices of David M. Leneghan, David M. Leneghan, K. Scott Carter, and Catana Chrostowski, *for appellant.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Plaintiff-appellee Broadway Concrete Investments L.L.C. d.b.a. Pompili Precast Concrete ("Pompili") is a subcontractor for defendant-appellant

Masonry Contracting Corp ("Masonry") in a construction project known as the Nord Family Greenway at the Case Western Reserve University Campus.

{¶ 2} The prime contractor for the construction project is Gilbane Building Company ("Gilbane"). Gilbane subcontracted with Platform Cements, Inc. d.b.a. Platform Contracting ("Platform") for the latter to perform excavation, site concrete, and hard cast (including precast concrete) for the project. Platform then subcontracted the precast concrete work to Masonry. Masonry in turn subcontracted the supply of the precast concrete to Pompili.

{¶ 3} Masonry failed to pay Pompili for several invoices it submitted, and Pompili recorded a mechanic's lien against the project. After the lien was recorded, Masonry filed an action on July 16, 2018, in the common pleas court for an order approving a release-of-lien bond, which would remove and replace the lien. The court issued an order approving the bond issued by Western Surety Company ("Western Surety"). (Western Surety is not a party in this appeal.) The order stated that Pompili and Masonry have stipulated to Western Surety's bond in the amount of $115,908.76 but its rider increased the bond to $123,583, and the court found the bond to be sufficient security for the amount claimed in the mechanic's lien recorded by Pompili. The court ordered the lien released and removed from the subject real property.

{¶ 4} Pompili subsequently filed the instant complaint against Masonry, Platform, Case Western Reserve University, and Traveler's Casualty and Surety Company of America ("Travelers"). Pompili subsequently amended its complaint,

which omitted Case Western Reserve University but added Western Surety as a defendant. Pompili later dismissed all its claims against Platform and Travelers.

{¶ 5} Ultimately, the following claims remained in the amended complaint: a claim against Western Surety for "Foreclosure of Mechanic's Lien and Lienholder's Bond" (first claim) and claims against Masonry for breach of contract and violation of Ohio's Prompt Payment Act (third and fourth claim). Regarding the claim against Western Surety, the amended complaint sought "a judgment declaring that Plaintiff be determined to have a valid mechanic's lien on Case Western's premises, that said mechanic's lien was properly bonded off by the Lienholder's Bond of Western Surety Company," and that Western Surety is liable to Pompili in the amount of $82,388.51, plus interest, costs, and attorney fees.

{¶ 6} In Western Surety's answer, it raised the following defense: Pompili's own acts or omissions were the cause of any damage it suffered because it provided defective precast not in compliance with the project's contract documents and it improperly selected or applied the curing compounds.

{¶ 7} The trial court held a trial over the matter and subsequently issued a decision in favor of Pompili for its breach-of-contract and prompt-payment claims against Masonry. The trial court found Masonry was late in paying the first invoice Pompili submitted to it and late with its payment to Pompili on each invoice submitted by Pompili. Furthermore, Masonry failed to pay Pompili at all for several invoices.

**{¶ 8}** The trial court awarded Pompili $82,388.51 in its breach-of-contract claim against Masonry and $21,203.87 in interest on that amount pursuant to the Prompt Payment Act. In addition, the court awarded Pompili $101,945.05 in attorney fees.

**{¶ 9}** While the evidence regarding the filing of the mechanic's lien was presented at trial, the court's judgment, however, was completely silent regarding Pompili's claim against Western Surety. The judgment stated, however, that "[t]his Order is final and dispositive of the within case. No Just Cause for delay."

**{¶ 10}** Masonry filed a timely appeal from the court's judgment. Because Pompili's claim against Western Surety is not resolved in the trial court's judgment, this court sua sponte directed the parties to brief the issue of whether there exists a final appealable order in this case. Both parties argue the trial court's judgment is a final appealable order.

**{¶ 11}** A review of the trial court docket in this case, however, reflects that Pompili, after filing the instant appeal, filed a motion for judgment regarding the bond on December 4, 2020.[1] The trial court, without elaboration, found that Western Surety is obligated to satisfy the judgment against Masonry "[i]n consideration of the relevant case law and the testimony and argument at trial * * *."

---

[1] In its motion, Pompili alleged that Western Surety filed a suit in the federal court claiming it is not responsible to pay the judgment against Masonry because no order has been rendered against Western Surety.

On April 9, 2021, Masonry and Western Surety filed a notice of appeal from the judgment.

**Final Appealable Order**

{¶ 12} This court's jurisdiction is limited to reviewing final appealable orders. *Rae-Ann Suburban, Inc. v. Wolfe*, 8th Dist. Cuyahoga No. 107536, 2019-Ohio-1451, ¶ 9, citing Article IV, Section 3(B)(2), Ohio Constitution, R.C. 2505.02, and 2505.03. As such, we have "a duty to examine, sua sponte, potential deficiencies in jurisdiction." *Id.*, citing *Scheel v. Rock Ohio Caesars Cleveland, L.L.C*, 8th Dist. Cuyahoga No. 105037, 2017-Ohio-7174, ¶ 7, and *Arch Bay Holdings, L.L.C. v. Goler*, 8th Dist. Cuyahoga No. 102455, 2015-Ohio-3036, ¶ 9.

{¶ 13} Because the trial court's judgment in this case did not resolve all claims raised in the complaint, we must first ascertain whether there is a final appealable order that vests this court with jurisdiction.

{¶ 14} Pursuant to Civ.R. 54(B), "the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." However, the Civ.R. 54(B) language "is not a mystical incantation which transforms a nonfinal order into a final appealable order." *Wisintainer v. Elcen Power Strut Co.*, 67 Ohio St.3d 352, 354, 617 N.E.2d 1136 (1993), citing *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 541 N.E.2d 64 (1989). "Civ.R. 54(B) does not alter the requirement that an order must be final before the no just reason for delay language renders it appealable." *Altenheim v. Januszewski*, 8th Dist. Cuyahoga No. 105860, 2018-Ohio-1395, ¶ 10,

citing *Gen. Acc. Ins. Co. v. Ins. Co. of N.Am.*, 44 Ohio St.3d 17, 21, 540 N.E.2d 266 (1989).

{¶ 15} "A partial final order is not appealable pursuant to Civ. R. 54(B) if pending unresolved claims 'touch upon the very same facts, legal issues and circumstances' as the resolved claims." *Rae-Ann* at ¶ 16, citing *Altenheim.  See also Third Fed. S. & L. v. Krych*, 8th Dist. Cuyahoga No. 99762, 2013-Ohio-4483, ¶ 8-10 (trial court's judgment was not a final appealable order where judicial economy would not be served by separating claims for review when the pending claims were "interrelated" to the claims that were resolved by the trial court).

{¶ 16} Here, it would appear that Pompili's claim against Western Surety touched upon the very same facts, legal issues, and circumstances as Pompili's claims against Masonry.  In Western Surety's answer to Pompili's complaint, it claimed it was not liable because Pompili's damages were due to its own poor workmanship and defective performance.  We therefore cannot conclude Pompili's claim against Western Surety is not interrelated to its claim against Masonry, yet Western Surety is not a party to this appeal.  "Civ.R. 54(B) certification demonstrates that the trial court has determined that an order, albeit interlocutory, should be immediately appealable, in order to further the efficient administration of justice and to avoid piecemeal litigation or injustice attributable to delayed appeals." *Sullivan v. Anderson Twp.*, 122 Ohio St.3d 83, 2009-Ohio-1971, 909 N.E.2d 88, ¶ 11.  A review of the merits of this case without Western Surety being a party in the

appeal does not further the efficient administration of justice or avoid piecemeal litigation.

{¶ 17} Despite the trial court's Civ.R. 54(B) certification, this appeal does not emanate from a final appealable order and we do not have jurisdiction to review it.

{¶ 18} Appeal dismissed for a lack of final appealable order.

It is ordered that appellee recover of appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MICHELLE J. SHEEHAN, JUDGE

ANITA LASTER MAYS, P.J., and
EILEEN A. GALLAGHER, J., CONCUR